NORWOOD HEIGHTS IMPROVEMENT
ASSOCIATION, INC. *v.* MAYOR AND CITY COUNCIL
OF BALTIMORE ET AL.

[No. 174, October Term, 1949.]

*Decided May 11, 1950.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*John F. Heath* for the appellant.

*Hamilton O'Dunne, Assistant City Solicitor,* with whom was *Thomas N. Biddison, City Solicitor,* on the brief for the appellee the Mayor and City Council of Baltimore.

*Southey F. Miles* for the appellee Leonard Stulman, trading as Glenbrook Apartment Company.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Norwood Heights Improvement Association, Inc., appellant, from an order of the Baltimore City Court affirming the decision of the Board of Municipal and Zoning Appeals of Baltimore City, hereinafter referred to as the Board, which approved applications of Leonard Stulman, trading as The Glenbrook Apartment Company, appellee, for permits to erect eighteen dwelling units to accommodate eighty families, with parking lots.

The applications were approved by the Building Engineer of Baltimore City and brought to the Board by a negative appeal. In this appeal the reason given why the permits should be denied is: "It is in violation of ordinance No. 1247, and the Baltimore City Building Code." After the decision of the Board the appellant appealed to the Baltimore City Court and from the decision affirming that Board the appellant appeals here.

Ordinance 1247, paragraph 32 (d) provides in part: "(d) Appeals to the Board of Municipal and Zoning Appeals may be taken by any person aggrieved, or by any officer, department, board or bureau of the municipality affected, by any decision of the Zoning Commissioner. Such appeal shall be taken within a reasonable time as provided by the rules of the Board by filing with the Zoning Commissioner and with the Board of Municipal and Zoning Appeals a notice of appeal, specifying the grounds thereof. * * *"

At the hearing before the Board and at the hearing in the Baltimore City Court the appellant offered no evidence and presented no witnesses but claimed that the drawings submitted to the Board showed violation of Ordinance 1247.

In the very recent case of the *Norwood Heights Improvement Association, Inc., v. Mayor and City Council of Baltimore City* and the *College Gardens Corporation,*

just decided, 195 Md. 1, 6, 72 A. 2d 1, 3, Judge Grason said: "The petition filed by the Association alleges that the permits issued in this case violate twelve paragraphs of the Ordinance, which are set out numerically. There are no allegations in the petition stating facts which show how any of these twelve paragraphs were violated. Counsel for the Association merely handed these twelve paragraphs to the Board, apparently with the expectation that something in the evidence would show a violation of some of the provisions of the Ordinance specified. It would be an absurd construction of the paragraph of the Ordinance quoted, that a petitioner could set out, as was done in this case, twelve provisions of the Ordinance without alleging facts to show their violation. On the contrary, a petitioner must set out specifically the fact which he contends is a violation of a particular paragraph of the Ordinance, otherwise he has set out no cause whatever. If a petitioner can set out violations of twelve provisions of the Ordinance, without facts to show violations, he could present to the Board the Ordinance itself and tell the Board to wait for evidence to be offered which would constitute violations."

Just what this Court pointed out in *Norwood Heights Improvement Association, Inc. v. Mayor and City Council, supra,* hereinbefore quoted, could not be done, appellant actually did in the instant case.

A motion has been filed by the appellees in this case to dismiss the appeal, among other reasons, because the appellant is not within the classes of parties or persons authorized to maintain the statutory appeals provided by Section 7 of Article 66B of the Annotated Code of Maryland, (1939 Ed.), and by the similar provisions of Section 35 of Ordinance 1247, adopted March 30, 1931, of the Mayor and City Council of Baltimore, because it has offered no evidence that it is a tax-payer or a person aggrieved by the decision below or that it has any interest to be affected by the outcome of this case. In the answer filed by one of the appellees in the Baltimore City Court it is stated among other things: "* * *

but your Defendant is without any information as to what taxpayers or property owners the Appellant Petitioner alleges it represents in the City of Baltimore immediately adjoining or near said property, as the record before the Board of Municipal and Zoning Appeals in the Negative Appeal filed in this case will clearly show that at the hearing on said Negative Appeal, counsel for the Appellant asserted that he had no witnesses, that he did not need any witnesses, and did not intend himself to be called as a witness and offered no evidence on the case other than the 'drawings' submitted to the Building Engineer and the Board of Municipal and Zoning Appeals by this Defendant at the time the Application for the permit was made." As pointed out in the case of *Norwood Heights Improvement Association, Inc. v. Mayor and City Council, supra,* the appellant was plaintiff and the Mayor and City Council of Baltimore was defendant in the case in 191 Md. 155, 60 A. 2d 192. However, in that case the question of whether the appellant was a proper party was not raised. As set out in appellees' motion to dismiss the appeal, from the record here, appellant has not shown that it is such a party authorized under the statute to appeal and its appeal must, therefore, be dismissed.

*Appeal dismissed, with costs.*