SOUTHLAND HILLS IMPROVEMENT ASSOCIATION OF BALTIMORE COUNTY, INC. *v.* RAINE ET UX.

[No. 274, September Term, 1958.]

SOUTHLAND HILLS IMPROVEMENT ASSOCIATION OF BALTIMORE COUNTY, INC. *v.* BAUMILLER ET AL.

[No. 275, September Term, 1958.]

(Two Appeals In Separate Records)

214

*Decided June 8, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Walter C. Herlihy,* with whom was *John Thomas Welsh* on the brief, for the appellant.

*W. Lee Thomas,* with whom were *Proctor, Royston & Mueller* on the brief, for the appellees in No. 274.

*James H. Cook,* with whom were *Turnbull & Brewster* on the brief, for the appellees in No. 275.

BRUNE, C. J., delivered the opinion of the Court.

These two cases were argued together in this Court and will be treated together in this single opinion.

Southland Hills Improvement Association of Baltimore County, Inc. (the Improvement Association) is the only named appellant in each case. In No. 274 the appellees are the owners of the property known as No. 303 West Chesapeake Avenue in Towson, and in No. 275 the appellees are the owners and contract purchasers of the adjoining lot, No. 305 West Chesapeake Avenue. These properties are about two blocks from the Courthouse in the rapidly growing county seat of Baltimore County. In each case the appellees applied for a special exception to use the property in question, which was zoned R-A (Residential Apartment), for an office building. The evidence showed that in No. 274 it is proposed that the office building to be erected be used by the Children's Aid Society and that in No. 275 it is proposed that either the existing building or a new one be used for lawyers' offices, though the applications are not conditioned upon such uses. After a hearing in each case the petition was approved by the Zoning Commissioner; and on appeal, after a further hearing in each case, the granting of the petition was approved by the County Board of Appeals.

In each case the appellant Improvement Association sought review of the Board's action by a petition for *certiorari* in the Circuit Court for Baltimore County, and in each case the Circuit Court affirmed the order of the Board of Appeals. The Improvement Association appealed to this Court.

In each case the appellees have filed a motion to dismiss on the ground that the Improvement Association is neither a party aggrieved nor a taxpayer and has no standing to maintain its appeal. These motions were argued before the hearing on the merits and decision was reserved. The Improvement Association asserts that it is not the only appellant, since its petition for *certiorari* in each case states that it is the petition of the

Association "and its officers and members" and that some six of them who appeared and testified before the Board did so individually in the character of persons aggrieved or as taxpayers, or both, and that they have interests in their respective properties which can be adversely affected by the granting of the special exceptions here involved. However, no officer or member of the Improvement Association signed the petition in his capacity as an individual.

The Improvement Association also asserts that Section 532(g) of Title 30 of the Code of Public Local Laws of Baltimore County (1955), which was relied upon by the appellees in their respective motions, was repealed by Section 604 of the Charter of Baltimore County upon the adoption of that Charter. The appellees counter by saying that it makes no difference whether Section 532(g) of Title 30 was superseded by Section 604 of the Charter or not, since under the requirement of either one (so far as here material) an appellant must be a party aggrieved or a taxpayer. We find it unnecessary, for the purposes of this case, to determine whether or not Section 604 of the Charter operated (in conjunction with Section 1111) to repeal Section 532(g) of Title 30. We may observe, however, that Section 604 of the Charter seems somewhat more restricted since it confers a right of appeal from the Board to the Circuit Court and from the Circuit Court to the Court of Appeals only upon a "party aggrieved" and does not mention a taxpayer. Inferentially, if not expressly, Section 532(g) of Title 30 appears to confer such a right of appeal upon a taxpayer, since it would seem that anyone entitled to file a petition in the Circuit Court (as either any taxpayer or person aggrieved may do under that Section) would also have a right of appeal to the Court of Appeals. Cf. *Board of Zoning Appeals v. Bailey,* 216 Md. 536, 538, 141 A. 2d 502. Practically, it makes little difference here, as there is no showing, and indeed no claim, that the Improvement Association is a taxpayer. Though no question as to the Improvement Association's right to seek review in the Circuit Court was there raised, we think that the question which is now raised here goes to the jurisdiction of this Court to entertain the appeal and is, therefore, properly before us.

A very similar ordinance of Baltimore City authorizing appeals by persons aggrieved has been considered by this Court and has been held not to authorize an appeal by an improvement association as a party aggrieved by reason of its members being aggrieved. *Norwood Heights Improvement Ass'n v. Mayor & C. C. of Baltimore,* 195 Md. 1, 8, 72 A. 2d 1, 4; *Norwood Heights Improvement Ass'n v. Mayor & C. C. of Baltimore,* 195 Md. 368, 73 A. 2d 529; *Windsor Hills Improvement Ass'n v. Mayor & C. C. of Baltimore,* 195 Md. 383, 394, 73 A. 2d 531. We think that these cases are controlling and that the motion to dismiss the appeal of the Improvement Association must therefore be granted.

We find the Improvement Association's contention that certain of its individual members who testified at the hearings before the Board are parties to these suits is not tenable. The record does not list the name of a single individual as a party appellant nor does it disclose either the joinder or the intervention or the attempted joinder or intervention of a single individual or taxpayer as a party plaintiff in the Circuit Court. Cf. the *Windsor Hills Improvement Association* case, *supra,* in which an individual, who was the president of the Association and a taxpayer, had been permitted to intervene in the lower court as a party plaintiff. This Court expressed the view that this individual's petition for intervention, which had been filed after expiration of the time for appeal from the Board to the lower court, could not validate the Association's attempt to appeal and that it should have been denied. However, since he had become a party of record in the lower court, his appeal to this Court was not dismissed, but as to him the order of the lower court was affirmed. The appeal of the Association was dismissed. Here, as already pointed out, there was no intervention in the trial court by any aggrieved individual, whether a property owner or a taxpayer, as a party plaintiff. It follows that the dismissals of the Improvement Association's appeals leave no appellant and must end the cases.

We may add, however, after careful consideration of the briefs and argument of the appellant in each case and of the briefs of the appellees, that we think that the practical result of the cases would have been the same, if the cases had been

heard on the merits—an affirmance in each case, instead of a dismissal of the appeal. The only argument on the merits seriously pressed by the appellant in this Court was that the granting of the exceptions would increase traffic hazards and congestion. We think that the argument as to congestion was sufficiently answered by the views expressed by the Deputy Director of the Office of Planning of Baltimore County that with the adequate offstreet parking which the lots would afford the granting of the special permits would not tend to create traffic congestion. Alleged possible traffic hazards due to vehicles turning in and out of these properties, urged by the appellant, did not seem of sufficient weight to take the case out of the range of Board action which was at least fairly debatable. Cf. *Vestry of St. Mark's v. Doub,* 219 Md. 387, 149 A. 2d 779.

> *Appeals in Nos. 274 and 275 dismissed; the appellant to pay the costs in each case.*