## LOUGHBOROUGH DEVELOPMENT CORPORATION *v.* RIVERMASS CORPORATION ET AL.

[No. 164, October Term, 1956.]

240

*Decided May 7, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON and HAMMOND, JJ.

*Joe M. Kyle* and *Vivian V. Simpson,* with whom were *Simpson & Simpson* and *Joseph B. Simpson, Jr.,* on the brief, for appellant.

*Warren Browning* and *John D. Gilmore, Jr.,* with whom were *Charles M. Irelan, County Attorney,* and *C. Edward Nicholson, Jr., Deputy County Attorney,* on the brief, for appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court for Montgomery County, passed after full hearing, dismissing a bill of complaint filed by the appellant, which attacked the action of the County Council in rezoning from residential to commercial a tract of land containing about 20 acres, to permit its use as a shopping center with parking facilities. The appellant contends that the action of the County Council was arbitrary and capricious and unauthorized by law; that the record did not establish original mistake or subsequent change in the character of the neighborhood; that the action of the Council was not in conformity with the standards set up in the ordinance; and that there was an inadequate posting of the property as required by the ordinance. We find it un-

necessary to discuss any of these contentions, for we think that there was no such showing of special damage to the appellant as to give it standing to sue.

The tract in question is irregular in shape and undeveloped. It abuts on one side an area traversed by a railroad, long zoned industrial. It lies between the main arteries, River Road and Massachusetts Avenue, not far from the District of Columbia line, and it is proposed to open a connecting road 90 feet wide through the tract. The appellee owns the land immediately adjacent to the tract rezoned on the other sides. Beyond River Road there are several flourishing residential areas. The 6 lots owned by the appellant are located on Massachusetts Avenue at a distance of approximately half a mile from the tract in question and completely out of sight. In between there is a residential section, a public park traversed by a stream, the tracks of the Baltimore and Ohio Railroad, and an industrial zone. The witness, Mr. Walker, president of appellant corporation, testified on cross-examination that he and his wife owned another piece of commercial property in the general area, which they intend to develop into a shopping center. The appellee suggests that this was one of the main reasons for the institution of the suit. In any event, it does not appear that any other property owners have joined in the suit. Apparently, other owners of residential property in the neighborhood are not opposed to the project. Mr. Walker testified that in his opinion the erection of the shopping center would depreciate the value of the appellant's 6 lots, but said that he could "not possibly" fix the amount. He testified that he had reduced the price of the lots, but had not been able to effect a sale. Several witnesses for the appellee testified there would be no depreciation in value. There was testimony that the opening of the shopping center would increase the value of residential property in the general neighborhood, and that there was a need for such a center. There was also testimony that the location selected was ideal for the purpose.

The chief contention of the appellant on this point seems to be that the shopping center will increase the flow of traffic on Massachusetts Avenue, and cause traffic to "back up in

front of" its lots, particularly if a traffic light is installed at the new entrance road into the shopping center. But the appellant's lots are located about 600 feet from the railroad underpass, and the proposed entrance is beyond the underpass. It is difficult to see how the opening of the new road could have the effect suggested, particularly since the center would probably draw most of its customers from the more outlying sections. The appellee argues that the availability of the shopping center will in fact divert traffic that would otherwise go past the appellant's lots on the way to existing shopping centers over the District of Columbia line. It is not contended that the plans are objectionable from the traffic point of view, and we think the effect of the erection of the shopping center half a mile away, upon the traffic along Massachusetts Avenue past the appellant's lots, is wholly conjectural. Increase in traffic is a necessary concomitant to the increase in population and the spread of suburbia. There is no showing here that the erection of a shopping center at the place indicated will materially affect the volume of traffic on the main artery. While the Chancellor decided the case on the merits and found no arbitrary action, he made this pertinent observation: "However, it is apparent that any possible damage it [the appellant corporation] may suffer is highly speculative and it could as well be argued that the change in zoning might be beneficial rather than detrimental."

It is well settled that a person seeking to redress a public wrong, such as is alleged by the appellant, must prove special damage from such wrong, differing in character and kind from that suffered by the general public. *Weinberg v. Kracke,* 189 Md. 275, 280; *Bauernschmidt v. Standard Oil Co.,* 153 Md. 647, 651. Cf. *N. W. Merchants Term. v. O'Rourke,* 191 Md. 171, 192. The case of *Cassel v. City of Baltimore,* 195 Md. 348, is readily distinguishable. There was testimony in that case that a funeral home, in a solidly residential community, would have a depreciating effect upon the complainants' property located just around the corner from the rezoned lot and less than 100 feet away. Although the complainants could not see the front of the funeral home, they could see the garage in the rear. We have noted in

several cases that a well planned shopping center may be beneficial to a residential community, under some circumstances at least. *Temmink v. Bd. of Zoning Appeals,* 205 Md. 489, 495; *Eckes v. Board of Zoning Appeals,* 209 Md. 432, 441. In *Zang & Sons, Builders, Inc. v. Taylor,* 203 Md. 628, 633, the complainants owned property directly across the road from a proposed open air moving picture theatre. The significance of proximity was also stressed in *Offutt v. Bd. of Zoning Appeals,* 204 Md. 551, 561. In *Crozier v. County Com'rs Pr. George's County,* 202 Md. 501, 507, the case was heard on demurrer, and the complainants owned property adjoining or in close proximity to the property rezoned. It was held that the allegations of special damage were sufficient to call for an answer. In the instant case we think the proof of special damage was not sufficient.

*Decree affirmed, with costs.*