PATTISON *v.* CORBY ET AL.

[No. 332, September Term, 1960.]

*Decided July 6, 1961.*

The cause was argued before HENDERSON, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*William H. Pattison, Jr.,* for appellant.

*Warren Browning* and *Richard J. Sincoff, Assistant County Attorney,* with whom was *Alfred H. Carter, County Attorney,* on the brief, for appellees.

HORNEY, J., delivered the opinion of the Court.

The sole question in this case is whether the appellant (William H. Pattison, Jr.) was an "aggrieved" person and as such entitled to appeal to the Circuit Court for Montgomery County from a rezoning resolution of the Montgomery County District Council.

The appellant by his order for and petition to appeal sought to vacate and set aside the rezoning resolution and the denial by the council of his petition for a reconsideration of that action. The applicants for the rezoning (Karl W. Corby and Mary Ellen Brewer) as well as Montgomery County demurred to the petition on the ground that the appellant did not allege that he had suffered or would suffer special damage by reason of the rezoning resolution. The lower court sustained both demurrers with leave to amend.

The appellant then filed an amended petition to appeal in which he reasserted the allegations of his original petition and added other allegations in an attempt to show that he would be affected by the granting of the reclassification. Again, both appellees demurred on the same ground of failure to show special damage, and again the lower court sustained both demurrers, without leave to amend in this instance, and entered a judgment for costs against the appellant. This appeal followed.

The amended petition alleged, among other things, that

the applicants requested the reclassification of 96.8283 acres of land in the fourth election district, located west of the old Rockville Pike, north of Grosvenor Lane and east of new Route 240, from R-90 zoning (one-family detached restricted residential) to R-10 zoning (multiple-family high density residential) or R-30 zoning (multiple-family low density residential) and that the Maryland-National Capital Park and Planning Commission, upon the finding and recommendation of its technical staff and planning board, suggested denial of the application of the entire acreage sought and instead recommended approval of rezoning for 54.6630 acres fronting on Rockville Pike.

The petition further alleged that at the public hearing before the council the applicants had urged that there was need for additional apartment zoning in the area; that the construction of Route 70-S had served to separate and isolate the property in question from any established residential area; that the topography rendered it more desirable for apartment rather than single family residential development; that the proposed R-10 development would not adversely affect existing school facilities; and that such R-10 development would be compatible with the individual, public service and non-residential future development of an adjacent 300-acre tract owned by the Corby family.

On the other hand, the appellant, who resides in the Luxmanor subdivision in the same planning district, but at a considerable distance to the west, and out of sight of the property of the applicants (according to the aerial photograph exhibit), urged that there was little need for apartment zoning in the area; that the applicants had failed to show any error in the original zoning or any change in the character of the neighborhood; that the future development plan offered by the applicants for the adjacent 300-acre tract posed an "immediate and dangerous threat" to the stability and continued orderly development of neighboring areas such as that in which the appellant is a resident property owner; that the granting of even this partial reclassification prior to the promulgation and adoption of a master plan for the area was

premature and contrary to the orderly development of the planning district in accordance with a comprehensive plan; and that the granting of the requested rezoning would effect a change in the character of the community upon which the Corby family would predicate further rezoning requests directed toward implementing the non-residential development of adjacent acreage to the discomfort, depreciation and devaluation of surrounding residentially developed areas, including that in which the appellant resides.

The petition also alleged that the denial by the council of the petition for reconsideration of the reclassification — in which the reasons why rezoning should not have been granted were reiterated in part and in part amplified—"was, and is, arbitrary, capricious, unreasonable, contrary to law and invalid," but the appellant did not state (other than those hereinbefore enumerated) any additional reasons why he was entitled to appeal to the circuit court.

The appellees, in reply to the contention of the appellant that he is a "person aggrieved" and therefore entitled to appeal, assert that the appellant failed to show that he has any interest in the subject matter or that he will suffer any damage as a result of the granting of the reclassification, which gave him a right to appeal. The appellees also printed in their brief, pursuant to Maryland Rule 836 d, a motion to dismiss the appeal on the ground that the appellant does not have an interest in the subject matter of the appeal. Following normal procedure, we heard arguments on the motion first and then heard arguments on the merits of the appeal, but, for the purpose of this case, we shall assume that the appellant had a right to appeal to this Court and rule on the question—posed by the sustaining of the demurrers to the amended petition—as to whether the appellant had standing to seek judicial review of the action of the council in granting the reclassification applied for. The answer to the question depends, of course, on whether the appellant was a "person aggrieved by the decision" of the council under the provisions of § 78A of Ch. 780 of the Acts of 1959, now codified as Montgomery County Code (1960), § 72-85.

The general rule is that one is not an aggrieved party so as to be entitled to appeal unless the judgment or order appealed from was rendered on a matter in which the appellant has some interest or right of property. *Patterson v. Gelston,* 23 Md. 432 (1865). See also the cases collected in 2 Md. Dig., *Appeal and Error,* key number 151 (1), (2), and 2 M. L. E., Appeals, § 82.

In 1 Rothkopf, *Zoning,* § 38-14, the author, in stating "who is an aggrieved party" says that "[a]ny property owner or person having an interest in property which is or may be affected by a permit or variance illegally issued or denied is an aggrieved party, and may apply to the court for relief." In § 38-17, in stating "who are not aggrieved persons" it is said that "[t]here must be a specific, personal and legal interest in the subject matter thereof as distinguished from a general interest such as is the concern shared by all members of a community" and adds that "[a] person is entitled to proceed to attack the validity of a decision only where he is specially and adversely affected thereby." See also 2 Metzenbaum, *Zoning,* p. 1035, *et seq.;* 58 Am. Jur., *Zoning,* § 253; 101 C.J.S., *Zoning,* § 321, for similar statements.

This Court, in the absence of a statute creating a private right as a taxpayer or otherwise, has long adhered to the rule of law that an owner of zoned property has no right to enforce zoning regulations in a court of equity (even in a taxpayers' suit) unless he is able to allege and prove that he has or will suffer a private and special wrong different in character and kind from that suffered by the public generally. *Bauernschmidt v. Standard Oil Co.,*[1] 153 Md. 647, 139 Atl. 531 (1927); *Weinberg v. Kracke,* 189 Md. 275, 55 A. 2d 797 (1947); *Cassel v. City of Baltimore,* 195 Md. 348, 73 A. 2d 486 (1950); *Crozier v. County Com'rs of Pr. George's County,* 202 Md. 501, 97 A. 2d 296 (1953); *Loughborough v. Rivermass,* 213 Md. 239, 131 A. 2d 461 (1957); *Baltimore v. N. A. A. C. P.,* 221 Md. 329, 157 A. 2d 433 (1960); *Pressman v. Baltimore,* 222 Md. 330, 160 A. 2d 379 (1960);

---

1. The *Bauernschmidt* case was not directly concerned with a zoning matter.

*Kreatchman v. Ramsburg,* 224 Md. 209, 167 A. 2d 345 (1961). Cf. *Ellicott v. Mayor & C. C. of Baltimore,* 180 Md. 176, 23 A. 2d 469 (1942), and *Mayor & C. C. of Baltimore v. Byrd,* 191 Md. 632, 62 A. 2d 588 (1948), in both of which it was held that the protestants had standing as taxpayers under the Baltimore City zoning ordinance. Also compare *Lynn v. Goldman,* 216 Md. 562, 141 A. 2d 172 (1958), in which it was noted that the zoning regulations of Baltimore County accord standing to any person whose property is affected by a violation whether specially damaged or not.

But the status of the protestants in those cases was not exactly the same as that of the protestants in this case where the pleadings purport to be an appeal, pursuant to Maryland Rule 1101 c, from an administrative agency to a court of law under the provisions of § 72-85 (of the Montgomery County Code). Nevertheless, the situation is much the same in that the petitioner is entitled to attack the validity of the decision of the council (without alleging special damage) if by his petition he clearly indicates that he has standing to appeal by showing that his property interests are such as are or will be adversely affected by the granting of the rezoning.

As to this, the text writers and the cases in this and other jurisdictions are in general agreement that an adjacent owner —in the sense of being near or close by—as well as an abutting owner, whose legal rights have been infringed, is an aggrieved person. But the farther a protestant resides from the zoning objected to, the more difficult it is, in the absence of other pertinent circumstances, to decide whether he has standing to appeal. However, such of the prior Maryland decisions as have dealt with the question of the effect of the nearness or remoteness of reclassified property are in point here and should afford a basis for a decision in this case.

In the *Weinberg* case, *supra,* the property owners in the *immediate neighborhood* had a right to seek injunctive relief. In the *Crozier* case, *supra,* the protestants, who either *adjoined,* or were in *close proximity* to the rezoned property, had standing to sue. In the *N. A. A. C. P.* case, *supra,* an *adjacent* owner had standing to attack the validity of a zon-

ing ordinance. In the *Pressman* case, *supra,* (though the question was held to have been waived), it was indicated that the protestants, who were *two city blocks distant* from, but *in sight* of, the proposed shopping center, had standing to protest. In *Costello v. Sieling,* 223 Md. 24, 161 A. 2d 824 (1960), (though the point was not in issue), the protestant, whose farm was *immediately opposite* the proposed trailer park had standing to sue. And in the *Cassel* case, *supra,* a distance of *less than one hundred feet* from, and a *view of the rear yard* of, residential property reclassified as a funeral home, was close enough to give the protestants standing to sue and to appeal. But in the *Loughborough* case, *supra,* a rezoned area *one-half mile away* and effectively *hidden from view* was too far to give the protestants standing to sue in the absence of a showing of special damage. And in the *Kreatchman* case, *supra,* (though for reasons other than the distance from the reclassified property), an intervenor *one and one-half miles* from the rezoned premises was held not to be "aggrieved" and therefore without standing to appeal on the ground that threatened competition did not constitute special damage.

In the instant case, where the appellant, other than predicting that the present reclassification was but the first step in a planned non-residential development of adjacent acreage (to that presently rezoned) which will in time adversely affect his property along with other properties in the neighboring subdivisions in the same planning district, assigned no other reason why he was aggrieved, we think that the position of his property in a residentially zoned area—remotely located as it is at a considerable distance from and out of sight of the area rezoned for apartment use—was not enough to show that the appellant had such an interest in the subject matter as bestowed on him standing to attack the validity of the decision of the council.

It follows, since the demurrers to the amended petition to appeal were properly sustained without leave to further amend, that the judgment for costs must be affirmed.

The motion of the appellant pursuant to Rule 882 c to require the appellees to pay the cost of printing the unnecessary

matter included in the record extract is granted, except as to the inclusion of appellees' Exhibit 18 (general zoning plan) and Exhibit 21 (aerial photograph of area surrrounding proposed rezoning), which were properly included in the record extract, the appellant to pay one-tenth of the cost of printing pages E15 through E48 and the appellees to pay the remaining nine-tenths of such cost.

*Judgment affirmed; appellant to pay the costs except as noted in last paragraph of opinion.*