## CITY OF GREENBELT, MARYLAND, ET AL. *v.* JAEGER

[No. 161, September Term, 1964.]

*Decided February 8, 1965.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, HORNEY and SYBERT, JJ., and KEATING, J., Associate Judge of the Second Judicial Circuit, specially assigned.

*Thomas R. Brooks* for City of Greenbelt, one of appellants, and *William J. Avrutis,* in proper person, other appellant.

*Jerrold V. Powers,* with whom were *Sasscer, Clagett & Powers* on the brief, for appellee.

Brief *Amicus Curiae* filed by *Robert W. Kernan, Gerald F. Kozlowski, Richard Becker, Dennis Webb, Allan York, Wil-*

*liam Mothersole, Edward Bowen, Leo C. Rudegeair, Eric D. Smith, Arthur Miller, William Derry* and *Robert Olds*—Movants, on the brief.

Brief *Amicus Curiae* filed by The United States of America, *Ramsey Clark, Assistant Attorney General, Roger P. Maquis* and *Edmund B. Clark,* Attorneys, Department of Justice, on the brief.

HAMMOND, J., delivered the opinion of the Court.

The Prince George's County Planning Board of the Maryland-National Capital Park and Planning Commission, declining to follow the report of its technical staff which had suggested five detailed reasons why the rezoning sought should not be granted, including a finding (which the record would appear to make at the least fairly debatable) that there had been no significant change in the area involved, recommended to the County Commissioners, sitting as a District Council, that some seventy-six and a half acres on the "* * * easterly side of Kenilworth Avenue opposite its intersection with Pontiac Street and approximately 1500 feet south of Greenbelt Road," be largely rezoned. The property on three sides is contiguous to Greenbelt Park, an area of some eleven hundred acres which is within the corporate limits of the City of Greenbelt but is owned by the United States and is within the domain of the Department of the Interior. Eight acres were to be reserved as a site for a school. The remaining sixty-eight or sixty-nine acres were to be divided into three zones—some thirty-eight or thirty-nine acres for high rise apartments (R. H.), some nine acres for R.30 zoning, and some nineteen acres for R.10 housing. The District Council, four of the five members sitting, divided two to two when the matter came before it.

Judge Bowie, on appeal to the Circuit Court, treating the application for rezoning as having been denied, found the action to be arbitrary, capricious and unsupported by the evidence before the Council, and by an order passed January 7, 1964, directed that the rezoning recommended by the

Planning Board be put into effect. The individual appellant Avrutis and the corporate appellant, the City of Greenbelt, both of whom had appeared before the District Council in opposition to the rezoning, were thereafter allowed to intervene when they pleaded ignorance of the order ordering the rezoning, and, on their respective motions, the operation of the order was suspended on February 5, 1964. After a further hearing, Judge Bowie, on April 7, reinstated or repassed his order of January 7. The City of Greenbelt filed its notice of appeal on April 28 and the individual appellant Avrutis filed a similar notice on May 4.

Appeals to this Court from a final judgment of the Circuit Court on appeal to it from the District Council in cases of the rezoning of individual properties may be taken only by "an aggrieved party" under Prince George's County Code (1963 Ed. Everstine), Art. 59, Sec. 85 (J).

The appellee moved to dismiss the appeals because neither the individual appellant Avrutis nor the corporate appellant, the City of Greenbelt, was an "aggrieved party" (the lower court had assumed without deciding that they were) and because the appeals had not been taken within thirty days of the order of January 7, 1964, after deducting the number of days that order was in a state of suspension under the order of February 5, 1964, although they had been taken within thirty days of the reinstating order of April 7, 1964.

We do not reach the second ground relied on to justify the dismissal of the appeals since we think they must be dismissed for the reason that neither appellant was aggrieved. Avrutis owned and lived in a home seven and a half miles from the subject property. He disliked the idea of high rise luxury apartment houses and five or six-story elevator apartments being near Greenbelt Park, because the residents of these buildings would flood the park with uses more sophisticated—such as horseback riding—than those presently availed of in the park by the ordinary citizens and residents of the region of the County served by the park, such as picnicking, camping and hiking. He also feared that if and when in the indefinite future he desired to sell his home, the hypothetical purchaser might find the park—seven and a half miles away—less at-

tractive than it presently is and not be willing to pay as much for the house as he presumably presently would.

In *Pattison v. Corby*, 226 Md. 97, Pattison, a homeowner who lived "* * * a considerable distance to the west, and out of sight of the property of the applicants * * *," contended that the planned use of the property, if the rezoning was granted, posed an "immediate and dangerous threat" to the stability and continued orderly development of the neighborhood and would make for the discomfort, depreciation and devaluation of surrounding areas, including that in which he lived. We said (p. 101):

> "This Court, in the absence of a statute creating a private right as a taxpayer or otherwise, has long adhered to the rule of law that an owner of zoned property has no right to enforce zoning regulations in a court of equity (even in a taxpayers' suit) unless he is able to allege and prove that he has or will suffer a private and special wrong different in character and kind from that suffered by the public generally."

and concluded (p. 103):

> "In the instant case, where the appellant, other than predicting that the present reclassification was but the first step in a planned non-residential development of adjacent acreage (to that presently rezoned) which will in time adversely affect his property along with other properties in the neighboring subdivisions in the same planning district, assigned no other reason why he was aggrieved, we think that the position of his property in a residentially zoned area—remotely located as it is at a considerable distance from and out of sight of the area rezoned for apartment use— was not enough to show that the appellant had such an interest in the subject matter as bestowed on him standing to attack the validity of the decision of the council."

Avrutis is in no better position to appeal than was Pattison. See also *Marcus v. Montgomery County*, 235 Md. 535;

*Loughborough v. Rivermass,* 213 Md. 239, and compare *Toomey v. Gomeringer,* 235 Md. 456.

The City of Greenbelt has no sounder standing. The subject property is not within its corporate limits and although the park which is contiguous to the subject property on three sides is within the city limits the common barrier is technical rather than real because the park is owned by the United States and is under the jurisdiction of the National Park Service. The City collects no taxes from the owner of the park, the United States, and exercises no police power in it. No citizen of the City of Greenbelt lives in it.

The Mayor of Greenbelt testified that he brought to the District Council an appeal to deny the rezoning on behalf of the citizens of Greenbelt and said that the City Council of Greenbelt urged denial because the proposed uses would be incompatible with the uses of the surrounding area. He also said that within the corporate limits of Greenbelt the building of an extensive garden type apartment development was under way, which would consist of five thousand units housing some twelve thousand five hundred people, which in the opinion of the City Council and the "citizens of Greenbelt" would amply provide for apartment needs, present and prospective, in and around the City of Greenbelt.

We may assume that a municipality of Prince George's County has a right to appeal in a case of the rezoning of property in the Maryland-Washington Regional Planning District if it is a party aggrieved in its own right. In *Zoning Appeals Board v. McKinney,* 174 Md. 551, 562, Judge Offutt for the Court said (by way of dictum, it is true) : "Moreover, apart from statute, the general rule is that a municipality has the same right to appeal as any other litigant. 4 C. J. S. *Appeal and Error* 386, Sec. 205." [1] See also *Mayor & C. C.*

---

1. The Legislature has indicated that a municipality is an interested party who may be aggrieved by the zoning of property within its borders. Code (1964 Supp.), Art. 66B, Sec. 7 (j) (applicable to the Mayor and City Council of Baltimore and to cities and incorporated towns of more than 10,000 inhabitants) provides:

"Appeal from board to court.—Any person or persons

of *Balto. v. Shapiro,* 187 Md. 623. In the complete revision of *Appeal and Error,* published in 1957, 4 C. J. S., Sec. 205, p. 605, it is said:

"Appeals and writs of error may usually be maintained by cities, counties, and other municipal corporations, or quasi corporations to the same extent and in the same manner as by other litigants, *if they are interested parties and are aggrieved by the judgment, order, or decree complained of, but not otherwise."* (Emphasis supplied)

The cases support the text. See for example, *Boudakian v. Town of Westport* (Mass.), 181 N. E. 2d 336, and *Carlson v. West River Oil Co.* (S. D.), 64 N. W. 2d 294. In *Town of Somerset v. Montgomery County,* 229 Md. 42, because the town was the record owner of a lot of ground which if owned

---

jointly or severally aggrieved by any decision of the board of zoning appeals, or any taxpayer, or any officer, department, board or bureau of the municipality, may appeal to a court of record on the ground that such decision is illegal in whole or in part."

and Code (1957), Art. 66B, Sec. 7 (o), gives an appeal to the Court of Appeals. Code (1964 Supp.), Art. 66B, Sec. 22 (i) (applicable generally to counties, cities and other incorporated areas) has the same provision as to appeals to the circuit court as Sec. 7 (j), and Sec. 22 (o) is like Sec. 7 (o) as to appeals to the Court of Appeals. Prince George's County Code (1963 Ed. Everstine), Art. 59, Sec. 93, provides:

"Before the District Council of Regional District in Montgomery and Prince George's Counties may amend the zoning ordinance of either county by changing the zoning classification of property within any incorporated municipality, the application for such change shall be referred to the governing body of the incorporated city or town for its recommendation."

In the only cases we have found where a municipality has been allowed to appeal on its own behalf in a zoning matter, under statutes somewhat similar to those cited in this footnote, the property has been within the boundaries of the municipality. See for example, Perelman v. Board of Adjustment (Pa.), 18 A. 2d 438; Fox v. Adams (N. Y.), 132 N. Y. S. 2d 560, and compare David v. Board of Appeals of Reading (Mass.), 132 N. E. 2d 386.

by an individual would have made him a person aggrieved by the rezoning of nearby land entitled to appeal, we held (p. 52): "Without reaching the question of whether the Town would be a proper appellant if it did not own the lot, we think that under the circumstances it had standing to appeal."

In the present case the City of Greenbelt neither claimed nor showed any fact or circumstance which made it aggrieved except as a representative of its citizens and residents. Even if it be further assumed that there were citizens or residents of Greenbelt who were aggrieved by the rezoning ordered by Judge Bowie, it is clear that an association or corporate body representing only the viewpoint of its members is not itself aggrieved merely because its members are. Judge Markell for the Court said in *Windsor Hills Imp. Ass'n v. Baltimore,* 195 Md. 383, 394: "A corporation is not sufficiently 'interested' to sue, or 'aggrieved' to appeal, merely because its members are 'interested' or 'aggrieved'." See also *Norwood Hts. Imp. Ass'n v. Baltimore,* 195 Md. 1; *Southland Hills Improvement Ass'n v. Raine,* 220 Md. 213; *Bar Association v. District Title Co.,* 224 Md. 474, 476; and *Village of Bensenville v. County of DuPage* (App. Ct. Ill.), 174 N. E. 2d 403.

The fact that a large number of apartments, which might suffer from competition offered by the apartments planned to be built on the rezoned land, were being built within the corporate limits of Greenbelt would not give the owner of the apartments in Greenbelt, much less the City of Greenbelt, standing as an aggrieved party. *Kreatchman v. Ramsburg,* 224 Md. 209.

No appellant with standing to appeal is before this Court and necessarily, therefore, the motion of the appellee for dismissal of the appeals must be granted. *Southland Hills Improvement Ass'n v. Raine, supra.* This forced dismissal is not to be taken as approval of the determination and actions of the lower court which were appealed from.

*Appeals dismissed, with costs.*