DUBAY, ET AL. *v.* CRANE
[No. 422, September Term, 1964.]

*Decided October 14, 1965.*

The cause was argued before PRESCOTT, C. J., and HAM-
MOND, HORNEY, MARBURY and OPPENHEIMER, JJ., and FOSTER
and JONES, JJ., Associate Judges of the Eighth Judicial Cir-
cuit, specially assigned.

*Harry S. Swartzwelder, Jr.,* for appellants.

*W. Lee Harrison* for appellee.

HORNEY, J., delivered the opinion of the Court.

The sole question in this zoning case is whether the appellants had such standing as was required to maintain an appeal to the Circuit Court for Baltimore County from the order of the county board of appeals granting an application for rezoning.

The appellants in this Court are Henry DuBay, Helen Aiken, Phyllis Rice and Michael Renghofer, Jr., all of whom were protestants. The appellee is Leon A. Crane, who, although he is the owner of the rezoned property, is designated as intervenor in the record.

The litigation originated in the filing of a petition for the reclassification of a thirty-five acre parcel of land from R-6 zoning (residence, one and two family) to R-A zoning (residence, apartment). The land is located in the second election district on the west side of Scotts Level Road approximately eleven hundred feet north of Milford Mill Road.

The zoning commissioner approved the reclassification and some of the protestants appealed to the board of appeals. The board, after a full hearing on the merits, affirmed the decision of the zoning commissioner and ordered that the rezoning be granted. It was from this order that the appeal to the circuit court was taken.

Initially, the circuit court reversed the board of appeals and the zoning commissioner. When, shortly thereafter, the decisions of this Court in *Toomey v. Gomeringer*[1] (holding that protestants had standing to maintain appeal) and *Marcus v. Montgomery County Council*[2] (holding that appellants were not persons aggrieved) came to the attention of the owner, he filed a motion requesting the circuit court to strike out its original opinion and order, to grant a reargument of the case and to permit the owner to raise an issue as to whether the protestants had standing to maintain an appeal to the circuit court. The motion was granted. The owner then filed a motion to dis-

---

1. Reported in 235 Md. 456.
2. Reported in 235 Md. 535.

miss the appeal on the ground that the protestants were not "parties aggrieved." This motion was also granted and the appeal was dismissed because, as the lower court held, none of the appellants (from the decision of the board) had standing to appeal to the circuit court. We agree.

The recent changes in the law [3] restricting the class of persons who may appeal from a decision of the board of appeals to the circuit court obviously has a bearing on the decision of this case. Prior to 1960, in Baltimore County, any aggrieved party or *taxpayer* could maintain an appeal, but it is now necessary to be both a party to the proceeding before the board of appeals and a "person aggrieved" by its decision in order to appeal to the circuit court. This, in addition to showing the proximity of one property to the other, requires proof of the adverse effect the changed status of the rezoned property has, or could have, on the use, enjoyment and value of the property of the protestant in order to establish the status of the appellant as an aggrieved person. Rathkopf, *The Law of Zoning and Planning* (1956, Supp. 1964), Ch. 63, at pp. 23, 24. What, then, does the record show with respect to proximity and damage?

While it was shown that the appellant DuBay resides at least 1500 feet in a straight line from the rezoned property, his home is separated therefrom by the Baltimore County Beltway. He testified that if the subject property was developed under the proposed R-A reclassification it could cause an increased load on

---

3. Title 34 of the 1958 Baltimore County Code, entitled "Zoning," provided in § 34-7, concerning appeals from the board of zoning appeals, that any person aggrieved by a decision of the board, or any taxpayer, could maintain an appeal to the circuit court of the county. In 1960, however, the Baltimore County Council, by Council Bill No. 80, repealed Title 34 of the Code, including § 34-7, and revised Title 23, entitled "Planning and Subdivision Control," to include the zoning laws, and § 23-27, concerning appeals from the county board of appeals, now provides that appeals to the courts "may be taken in the manner provided in Article VI of the Baltimore County Charter." Section 604 of Article VI states that "within thirty days after any decision by the county board of appeals is rendered, any party to the proceeding who is aggrieved thereby may appeal such decision to the circuit court of Baltimore County."

the sewage disposal facilities and could have an adverse effect on the control of traffic in the area. It was not shown whether he can see the property from his home nor that the value of his property would be depreciated.

The appellant Aiken testified that she resides about nine-tenths of a mile from the rezoned property but cannot see it from her home. She opposed reclassification because "the water and sewerage would definitely not help any of the developments in the area." She further testified that development of the property under R-A zoning would devaluate her property because "you are bringing in a lower financial group of people, people that cannot afford to buy homes."

The appellant Rice testified that she resides about three or four blocks from the property in question but admitted that she was "not very good at judging [distance]." The scale on the map of the area indicates that her home is four-tenths of a mile in a straight line from the reclassified property. She also testified that she "imagined" she could see the property now by standing in front of her house and looking down Scotts Level Road. She opposed the reclassification because construction of the apartments "would be very hazardous and very congested and [a] very unnecessary thing."

The record is silent as to where the appellant Renghofer resides or how he will be affected by the rezoning. The record also fails to show whether he ever appeared before the board of appeals. Nor is there anything in the record to indicate that he was a "party" to the proceeding before the board.

As to the appellant Renghofer, it is clear that he had no standing to maintain an appeal. While it is not necessary that a protestant testify before the administrative agency, it is incumbent on him, if he contemplates appealing an adverse decision, to, at least, have the record show that he was a party to the proceeding. Failing that he cannot maintain an appeal, such as that in Baltimore County. See Baltimore County Charter, Art. VI, § 604.

The other three appellants were parties to the proceeding before the board of appeals. As to them, the question is whether they were "aggrieved" by the decision of the board. If they were, then they had standing to appeal to the courts.

In zoning cases, the rule in this State is that for a person to be aggrieved by an adverse decision of the administrative agency, and thus entitled to appeal to the courts, the decision must not only affect a matter in which the protestant has a specific interest or property right but his interest therein must be such that he is personally and specially affected in a way different from that suffered by the public generally. See *Loughborough v. Rivermass*, 213 Md. 239, 131 A. 2d 461 (1957); *Pattison v. Corby*, 226 Md. 97, 172 A. 2d 490 (1961); *Toomey v. Gomeringer*, 235 Md. 456, 201 A. 2d 842 (1964); *Marcus v. Montgomery County Council*, 235 Md. 535, 201 A. 2d 777 (1964); and *City of Greenbelt v. Jaeger*, 237 Md. 456, 206 A. 2d 694 (1965).

In *Loughborough*, the person attacking the rezoning of a tract of land from residential to commercial was not entitled to sue because he failed to show that he was specially damaged. In *Pattison*, the appellant, who resided a considerable distance from and out of sight of the rezoned property, was not an aggrieved person. In *Toomey*, the protestants, having shown that the value of their residential properties would be depreciated by the reclassification to commercial use, had standing to maintain the appeal. In *Marcus*, the appellants, who had not shown such interest in the subject matter as bestowed standing to attack the validity of the rezoning were not aggrieved persons. And in *City of Greenbelt*, neither the individual appellant, whose property was in a residentially zoned area at a considerable distance from and out of sight of the land rezoned for apartment use, nor the corporate appellant, which had not claimed or shown any fact or circumstance which made it aggrieved except as a representative of its citizens and residents, had standing to appeal.

In the case at bar, the evidence does not support the contention of the appellants that they are parties aggrieved. None of them showed that the action of the board of appeals, in granting the reclassification, would cause him or her any unique or special kind of damage other than that suffered by the whole community. The appellant DuBay is the nearest (a distance of 1500 feet) to the reclassified property, but his property is on the opposite side of the Beltway, which, if not a complete shield

against the apartments to be constructed, will serve as an adequate barrier. The appellants Aiken and Rice both reside a considerable distance (more than four-tenths of a mile) and possibly out of sight of the proposed apartments. And, which is more important, none of the appellants were able to show that the value of their respective property would be adversely affected.

We hold that the appeal to the circuit court from the board of appeals was properly dismissed.

*Judgment affirmed; appellants to pay the costs.*