WHITE, ET UX. *v.* MAJOR REALTY, INC.

[No. 316, September Term, 1967.]

*Decided October 9, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, McWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*William L. Jacob* for appellants.

*W. Lee Harrison,* with whom was *Charles E. Brooks* on the brief, for appellee.

PER CURIAM.

On October 5, 1966, the Board of Appeals of Baltimore County reclassified the zoning of a tract of land of approximately 64 acres in the Fourth Election District of Baltimore County near Bond Avenue and the Western Maryland Railroad tracks (the subject property) from M-L (manufacturing-light), M-R (manufacturing-restricted) and a small portion of R-20 (residential, one-half acre lots) to 35.62 acres of R-10 (resi-

dential—10,000 square foot lots) and 28.40 acres of R-A (residential-apartment). The only protestants before the Board who appealed to the Circuit Court for Baltimore County were the appellants, Ellis S. White and Pearl R. White, his wife, who own and reside at 109 Central Avenue, Glyndon, Maryland, approximately one-half mile from the subject property. Mr. White, the principal witness for the protestants, testified that he preferred that the land remain undeveloped in its then zoning as he feared increased traffic, doubted the capacity of the water distribution system, indicated that the public schools were already overcrowded and that the introduction of additional people into the area would "change the entire character of our community." There was no evidence that the property of the protestants would be depreciated in value by the proposed rezoning or that the protestants could even see the subject property from their Central Avenue property. The protestants perfected an appeal to the Circuit Court for Baltimore County from the order of the Board granting the rezoning. Upon a timely motion, the Circuit Court (RAINE, J.) dismissed the appeal on the ground that the protestants and appellants were not parties aggrieved by the Board's decision as required by Section 604 of the Baltimore County Charter.[1]

In our opinion Judge Raine's order dismissing the appeal was correct. Our decisions in *Loughborough Development Corp. v. Rivermass Corp.*, 213 Md. 239, 131 A. 2d 461 (1957) and *DuBay v. Crane*, 240 Md. 180, 213 A. 2d 487 (1965) indicate that the appellants did not establish the necessary special damage to their property (an adverse effect different than that suffered by the public generally) to make them "aggrieved" by the Board's order and these decisions are dispositive of the present case. See also *Bryniarski v. Montgomery County Board of Appeals*, 247 Md. 137, 230 A. 2d 289 (1967) for a review of our prior decisions in regard to aggrievement in zoning cases.

*Order affirmed, the appellants to pay the costs.*

---

1. As required by the Maryland Zoning Enabling Act, Code (1967 Repl. Vol.), Art. 66B, § 7 (j).