## SHORE ACRES IMPROVEMENT ASSOCIATION, INC. ET AL. v. ANNE ARUNDEL COUNTY BOARD OF APPEALS ET AL.

[No. 91(Adv.), September Term, 1968.]

*Decided November 8, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-
BURY, FINAN, SINGLEY and SMITH, JJ.

*Jerome F. Connell* for appellants.

*Malcolm B. Smith,* with whom were *Smith & Wohlgemuth*
on the brief, for appellees.

FINAN, J., delivered the opinion of the Court.

This zoning case involves an appeal by Shore Acres Im-
provement Association, Inc. (Improvement Association) and
Rudolph Lerp, Sr. (Lerp) from a decision of the Circuit Court
for Anne Arundel County, Judge E. Mackall Childs presid-

ing. The appellants filed an appeal in the Circuit Court from a decision of the County Board of Appeals of Anne Arundel County. Their standing to bring such an appeal was challenged. The lower court held the appellants had no standing to bring the appeal and dismissed their petition. This is an appeal from that decision.

The appellee, Thomas I. Baldwin (Baldwin), is the owner of approximately three hundred and eighty (380) acres of what was agriculturally zoned land immediately adjacent to the community known as Shore Acres in the second district of Anne Arundel County. Baldwin sought to develop the property as a planned residential community oriented around a golf course and recreational area. Since there is presently no zoning classification in Anne Arundel County for a planned unit development, Baldwin, on September 1, 1966, filed a series of rezoning applications seeking reclassification of approximately two hundred and six (206) acres of his three hundred and eighty (380) acre tract to those categories which would accommodate his planned community. The requests were: from agricultural to cottage-type residential about one hundred and fourteen (114) acres; from agricultural to garden apartment-type residential about eighty-seven (87) acres; from agricultural to light commercial about five (5) acres. The balance of the three hundred and eighty (380) acre tract was to be left in its agricultural classification to accommodate the golf course, club house and recreational area. All of the applications were considered together and on November 17, 1966, after a hearing before the Zoning Hearing Officer, the requests for rezoning as to each parcel of property were denied.

Baldwin appealed the decision to the Board of Appeals which on March 13, 1967, after a public hearing, rendered its opinion and order granting the requested rezoning as to each parcel of property. The decision of the Board of Appeals was appealed to the Circuit Court for Anne Arundel County by the Improvement Association and Lerp. Subsequently, Baldwin was granted leave to intervene and thereupon challenged the standing of the Improvement Association and Lerp to take the appeal. It was conceded in the court below, and was admitted

in the brief of the appellants, that Lerp was not a party to the proceedings before the Board of Appeals.

The record in the case disclosed that wherever Lerp's signature appeared in the proceedings it was in his capacity as president of the Improvement Association. Other than this the record was devoid of any evidence that he had ever entered his appearance as a party before the Zoning Hearing Officer or the Board of Appeals in his individual capacity. Accordingly, the court refused his testimony and ruled that Lerp was not a "party aggrieved" and dismissed his appeal.

As to the Improvement Association, the evidence presented disclosed that it was a property owner and a protestant of record.

The property which it owned was located within the development of Shore Acres and was used for a community hall and recreation area. It is situated three thousand seven hundred and sixty (3,760) feet in a straight line from the nearest point of Baldwin's property and is approximately nine thousand four hundred (9,400) feet by road from the nearest point of Baldwin's land. The lower court pointed out that the rezoned area could not be seen from the Improvement Association's land. After hearing all of the evidence on behalf of the Improvement Association, the court ruled that it too lacked standing and dismissed the appeal. It is from these decisions that this appeal is taken.

## Mr. Lerp's Appeal

We affirm the action of the lower court in dismissing the appeal of Mr. Lerp on the grounds that he was not a party to the proceedings before the Board of Appeals.

The appellants contend that the word "party" as used in the Anne Arundel County Code (1967 Ed.) Vol. 1, Sec. 2-102 is broad enough to include any person or taxpayer aggrieved by the decision of the Board of Appeals and not limited to a person or taxpayer aggrieved by the decision *who was also a party to the proceedings before the Board of Appeals*. We cannot agree with this connotation given to the word "party." Sec. 2-102 provides:

> "Within thirty days after any decision by the county
> board of appeals is rendered, *any party who is ag-*

*grieved thereby may appeal such decision to the circuit court of the county,* which shall have the power to affirm the decision of the board, or if such decision is not in accordance with law, to modify or reverse such decision, with or without remanding the case for rehearing, as justice may require. * * *. Within thirty days after the decision of the circuit court is rendered, *any party to the proceeding who is aggrieved* thereby may appeal such decision to the court of appeals of the state. The review proceedings provided by this section shall be exclusive." (Emphasis supplied.)

The conclusion that the word "party," as used in § 2-102, means an aggrieved "party" who was also a party to the proceeding before the Board is supported by a reading of the enabling act, Code (1966 Repl. Vol.) Art. 25A, § 5 (U), which authorizes the chartered counties of Maryland to establish county boards of appeals, and a review of the procedure for processing zoning applications in Anne Arundel County adopted pursuant to the enabling act.

Art. 25A, § 5 (U) (the enabling act) in part provides:

"* * * Provided, that upon any decision by a county board of appeals it shall file an opinion which shall include a statement of the facts found and the grounds for its decision. *Any person aggrieved by the decision of the board and a party to the proceeding before it may appeal to the circuit court for the county which shall have power to affirm the decision of the board,* or if such decision is not in accordance with law, to modify or reverse such decision, with or without remanding the case for rehearing as justice may require. Any party to the proceeding in the circuit court aggrieved by the decision of the said court may appeal from such decision to the Court of Appeals. The review proceedings provided by this subsection shall be exclusive." (Emphasis supplied.)

Article 25A, § 5 (U) (the enabling act) specifically provides for the manner in which an appeal may be taken from a county board of appeals to the circuit court and as is stated

above, by the language that we have italicized in the statute, only an aggrieved party to the proceedings is authorized by the enabling act to appeal from the county board of appeals to the circuit court of the county. Anne Arundel County followed this procedure authorized by the enabling act by enacting § 2-102 of the Anne Arundel County Code (1967 Ed.) Vol. 1. The fact that the intent of § 2-102 was to impart to the word "party" the technical meaning that "party" be construed as a person or entity who was a party to the proceedings, becomes inescapable, when we contrast § 2-102 with § 536 of the Anne Arundel County Code (1967 Ed.) Vol. 2, which latter section provides for appeals from decisions of the Zoning Hearing Officer. It should be noted that § 536 does not require the person or entity taking the appeal from the Zoning Hearing Officer to the County Board of Appeals to be a party to the proceeding before the Zoning Hearing Officer. Sec. 536 provides:

> "Within 30 days after a decision of the Zoning Hearing Officer is rendered, any *person or persons,* jointly or severally, *or any taxpayer or any official, office, department, corporation, board, or bureau of Anne Arundel County aggrieved by any decision* of the Zoning Hearing Officer shall *have the right to appeal therefrom to the County Board of Appeals."* (Anne Arundel County Code, 1967 Edition, Vol. 2, page 545, Section 536.) (Emphasis supplied.)

The language used in § 536 (providing for appeals from the Zoning Hearing Officer) when compared with that used in § 2-102 (providing for appeals from the County Board of Appeals) shows a transition from the use of the words "person," "taxpayer" and "corporation," all of which have the most broad application, to the use of the word "party," and the use, within the same section (2-102), of the reference to "any party to the proceeding who is aggrieved." We think the intent is clear and unambiguous that the language of § 2-102 was to dutifully and properly follow that employed by Art. 25A, § 5 (U), the enabling act. Accordingly, when the word "party" is used in conjunction with proceedings, unless there be express qualifying language to the contrary, it would appear that it should be

construed in a technical sense. Such an interpretation is in harmony with the definition given in Black's Law Dictionary (4th Ed., 1951):

> " 'Party' is a technical word, and has a precise meaning in legal parlance. By it is understood he or they by or against whom a suit is brought, whether in law or equity; the party plaintiff or defendant, whether composed of one or more individuals, and whether natural or legal persons, (they are parties in the writ, and parties on the record;) and all others who may be affected by the suit, indirectly or consequentially, are persons interested, but not parties. * * *."

This construction is consonant with that adopted by this Court in *DuBay v. Crane,* 240 Md. 180, 184, 213 A. 2d 487, 489 (1965), wherein we stated:

> "* * * While it is not necessary that a protestant testify before the administrative agency, it is *incumbent upon him,* if he contemplates appealing an adverse decision, *to, at least, have the record show that he was a party to the proceeding.* Failing that he cannot maintain an appeal, such as that in Baltimore County. See Baltimore County Charter, Art. VI, § 604." (Emphasis supplied.)

It is true that § 604, of Art. VI of the Baltimore County Charter employs after the word "party," wherein it first appears, the words "to the proceedings," and such words do not follow the word "party" where it first appears in § 2-102. However, both § 604 of Art. VI of the Baltimore County Charter and § 2-102 of the Anne Arundel County Code use the phrase "parties to the proceedings" later in the section. We do not think this difference between § 604 of Art. VI of the Baltimore County Charter and § 2-102 of the Anne Arundel County Code is significant. We note that § 604 of Art. VI of the Baltimore County Charter was enacted to replace § 34-7 of title 34 of the Baltimore County Code (1958), which provided that "any person" or "any taxpayer" aggrieved by a decision of the board, could maintain an appeal to the circuit court of the county. Here

again, we note that when a change was made from the use of the word "person" or "taxpayer" to that of "party", it is obvious that it was intended that the word "party" assume a technical connotation.

Mr. Lerp not being a party to the proceedings before the County Board of Appeals, the lower court properly dismissed his appeal.

### Shore Acres Improvement Association, Inc.
### Appeal

This appellant's community hall and recreation area is located 3,760 feet measured in a straight line, and approximately 9,400 feet by road, from the rezoned property. The rezoned area cannot be seen from the appellant's community hall or recreation area.

In *Bryniarski v. Montgomery County,* 247 Md. 137, 144, 230 A. 2d 289, 294 (1967), Judge Barnes writing for the Court, gave a scholarly review of the requirements necessary for one to qualify as an "aggrieved person," in order to appeal to the board or from the board to a court of record in a zoning case, stating:

> "Generally speaking, the decisions indicate that a person aggrieved by the decision of a board of zoning appeals is one whose personal or property rights are adversely affected by the decision of the board. The decision must not only affect a matter in which the protestant has a specific interest or property right but his interest therein must be such that he is personally and specially affected in a way different from that suffered by the public generally. *DuBay v. Crane,* 240 Md. 180, 185, 213 A. 2d 487 (1965). The circumstances under which this occurs have been determined by the courts on a case by case basis, and the decision in each case rests upon the facts and circumstances of the particular case under review. Certain principles, however, have evolved. They are as follows:
>
> "2. * * *
>
> "(c) A person whose property is far removed from the subject property ordinarily will not be considered

a person aggrieved. *Wilkinson v. Atkinson,* 242 Md. 231, 218 A. 2d 503 (1966); *DuBay v. Crane, supra; City of Greenbelt v. Jaeger,* 237 Md. 456, 206 A. 2d 694 (1965); *Marcus v. Montgomery County Council,* 235 Md. 535, 201 A. 2d 777 (1964); *Pattison v. Corby,* 226 Md. 97, 172 A. 2d 490 (1961). But he will be considered a person aggrieved if he meets the burden of alleging and proving by competent evidence —either before the board or in the court on appeal if his standing is challenged—the fact that his personal or property rights are specially and adversely affected by the board's action."

We think the principles set forth in *Bryniarski, supra,* and the cases cited therein are dispositive of the instant case. Although, the Improvement Association complained that the rezoning of the Baldwin tract would aggravate the traffic congestion in the foreseeable future on Shore Acres Drive and Jones Station Road, due to the distance of its property from Mr. Baldwin's tract, the lower court did not believe it to be "especially affected in a way different from that suffered by the public generally." *DuBay v. Crane, supra.* We do not think the lower court erred in dismissing the appeal. Maryland Rule 886 a.

*Order affirmed, appellants to pay costs.*