WILLIAM F. BROENING, Mayor, et al., v. EDWARD
D. HALEY.
[No. 112, October Term, 1928.]

*Decided February 27th, 1929.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Simon E. Sobeloff, Deputy City Solicitor,* and *Lindsay C. Spencer, Assistant City Solicitor,* with whom was *A. Walter Kraus, City Solicitor,* on the brief, for the appellants.

*John Henry Skeen* and *Reuben Oppenheimer,* with whom were *Emory, Beeuwkes, Skeen & Oppenheimer* on the brief, for the appellee.

The following opinion was delivered *per Curiam*:

The appeal is from an order overruling a demurrer to a bill of complaint for an injunction to restrain the passage by the city officials of an ordinance changing the nature of an

area under the zoning plan, so that the complainant, a landowner in that area, could not proceed with plans for building in accordance with previous zoning of the area, and refusing to dissolve an injunction previously issued. The proposed ordinance is attacked on the grounds that it would constitute an attempt to exercise arbitrary, unreasonable powers not possessed by the city, that it would be invalid because of its actual operation upon a single individual landowner, that it would be a usurpation of a judicial function by the city legislative body, and that its passage would irreparably damage the landowner. In short, the ordinance is attacked, and the injunction against its passage is sought, on the ground of its invalidity if passed.

Only in a few rare and exceptional cases could a court interfere in advance in this way with the exercise of the power of legislation. The regular method of resisting an invalid exercise of that power is by enjoining enforcement after passage. 4 *Pomeroy, Equity* (4th Ed.), sec. 1764; *New Orleans Water Works v. New Orleans,* 164 U. S. 471. At least, it would seem, the case should be one in which the mere placing of the law on the statute books causes by itself an injustice which the courts are required to prevent; and that does not appear to be the case here. In the opinion of this court no exceptional situation, such as has sometimes been held to support anticipatory judicial interference, is presented here; and the demurrer should have been sustained and the bill dismissed.

*Order reversed and bill dismissed, with costs to the appellants.*