INSURANSHARES CORPORATION OF DELAWARE, Plaintiff in Error, *v.* JASPER G. KIRCHNER, Defendant in Error.

*(March* 31, 1939.)

LAYTON, C. J., RODNEY and SPEAKMAN, J. J., sitting.

*Ivan Culbertson* for Plaintiff in Error.

*Max Terry* and *Samuel Saline* (of New York City) for Defendant in Error.

Supreme Court, No. 5, October Term, 1938.

LAYTON, C. J., delivering the opinion of the Court:

The right of a stockholder of a corporation seeking to inspect the stock ledger has been declared in terms so clear and explicit as to forbid misunderstanding. *State of Delaware v. Cities Service Co.*, 1 *W. W. Harr.* (31 *Del.*) 514, 115 *A.* 773, 22 *A. L. R.* 8. In that case it was held that, notwithstanding the absolute terms of the statute, it was still permissible for defenses to be made to a petition for a writ of *mandamus* brought to enforce the stockholder's right; and that it would be a sufficient defense if the corporation could show that inspection was sought from idle curiosity or for an improper or unlawful purpose, for, it was not meant to deprive the court of the right to exercise that sound discretion which has always been incident to the extraordinary remedy of *mandamus*. But, with equal clearness, it was said that the petitioning stockholder need show no reason or occasion for rendering an examination opportune and proper, or a definite and legal purpose.

Where an inspection of the stock ledger is sought by a stockholder, the burden is upon the corporation to show that the stockholder is attempting to exercise the statutory right for a purpose not connected with his interest as a stockholder, or that his purpose is otherwise improper or unlawful. The petitioning stockholder need allege no more than the bare essentials: that he is a stockholder in the respondent company; a proper demand; and a failure or refusal to comply with the duty imposed by law.

In the instant case, the petitioner was not content to confine his petition to bare essentials. He set forth at length the history of unlawful and fraudulent acts and conspiracies of former Boards of Directors of the company, and

there was nothing in the petition to suggest that the petitioner was moved by idle curiosity, or by any reason or purpose disassociated from his interest as a stockholder.

The defendant corporation's answer offered no defense whatever; and the Court below would have been entirely justified if it had awarded the writ notwithstanding the answer, and without hearing.

At the hearing, the petitioner's right was more strongly developed. He testified that he desired to communicate with the stockholders for two reasons: because the Board of Directors had not been elected by them, and because the letter soliciting proxies had not set forth the names of the persons for whom as directors the proxies would be voted.

Although the cited case would seem to be sufficiently intelligible, the defendant, surprisingly, insisted that the burden was upon the petitioner to show that the directors, in denying permission to inspect the ledger, were moved by an improper or fraudulent purpose, the presumption being that their refusal of permission was an act within the sound judgment of the Board and for the best interests of the corporation.

The presumption relied upon, however applicable in many situations, cannot, of course, prevail against the authoritive language of the statute. The contention of the defendant amounts to nothing more than a declaration of the directors that they are honest and able men who are doing their utmost to right grievous wrongs; that they, in their opinion, have given the stockholders all information that they need to have concerning their company's affairs; and that to allow the petitioner to obtain the names and addresses of the stockholders so that he, too, might circularize them, would only foment discussion and cause discord. This is but saying that a Board of Directors, even a Board

that has not been elected by the stockholders directly, has a greater right to approach the stockholders and to seek their proxies to the end that it may retain itself in power, than the stockholders themselves who are the owners of the company. Briefly and bluntly the proposition is, a stockholder ought not to be allowed to conduct a proxy campaign if the Board of Directors should deem it prejudicial to the interests of the corporation. Conceivably a situation might arise where such an argument would have weight; but such is not the case here.

The petitioner and the defendant corporation have been put to needless trouble and expense, the former in the assertion, the latter in the denial, of a clear right.

The judgment of the Court below is sustained.