LYNN ET AL. *v.* GOLDMAN ET AL.

(Two Appeals in One Record)

[No. 182, September Term, 1957.]

*Decided May 14, 1958.*

The cause was argued before HENDERSON, PRESCOTT and HORNEY, JJ., and CARTER, J., Chief Judge of the Second Judicial Circuit, specially assigned.

*Lawrence I. Weisman* and *David M. Blum,* with whom were *M. Peter Moser* and *Nyburg, Goldman & Walter* on the brief, for the appellants.

*W. Lee Harrison,* with whom was *Robert E. Cahill* on the brief, for the individual appellees.

*Richard C. Murray,* with whom were *Francis T. Peach* and *Walter R. Haile* on the brief, for Baltimore County, appellee.

HORNEY, J., delivered the opinion of the Court.

Henry Lynn and others (the plaintiffs) brought an action against Melvin J. Goldman and others (the defendants) on the equity side of the Circuit Court for Baltimore County, wherein they sought a declaratory decree and an injunction. After the chancellor sustained a demurrer to the original bill, with leave to amend, the plaintiffs filed an amended bill. The demurrers to the amended bill were also sustained, but without leave to amend, as of August 29, 1957, by a *nunc pro tunc* order dated October 3, 1957. The plaintiffs appealed.

All but one of the plaintiffs are property owners in a development known as Summit Park, an area which is adjacent to the properties of the individual defendants in another de-

velopment known as Forest Green. Both developments are in an R.6 Zone. Each of the homes owned by the residents of Summit Park is a single family, detached dwelling. In May of 1957, the individual defendants presented to the Planning Board of Baltimore County (Planning Board) for approval a *tentative* plat for dividing Forest Green into lots for the erection of two-family, semi-detached dwellings. In an effort to raise objections to the proposed plat, counsel for the plaintiffs requested a hearing before the Planning Board, but a hearing was denied, and the Planning Board *finally approved* the plat on June 5, 1957, and it was recorded. An appeal from the action of the Planning Board, pursuant to the Baltimore County Code (1955), Title 25, Sec. 390, was taken to the circuit court, but there is nothing in the record to indicate when it was actually filed except a statement that the appeal was taken within the 30-day period specified in Section 390, *supra*.

Either before the final approval of the plat by the Planning Board or within the two-day period after June 5, 1957,—there is nothing in the record to indicate the exact date—one or more of the individual defendants began building operations in Forest Green. It was not until then, however, that the plaintiffs filed—on June 7, 1957—their original bill of complaint alleging that the subdivision plat was in violation of certain zoning and subdivision regulations of Baltimore County. The bill sought a decree "declaring and interpreting the rights and obligations of and restrictions and limitations upon" the defendants with respect to the Forest Green development under the zoning and subdivision regulations of the county. The bill also sought an injunction—both temporary and permanent—to restrain the defendants from constructing and erecting the "buildings or residences" then being built in the Forest Green subdivision in violation of the zoning and subdivision regulations. The individual property owners and trustees under a deed of trust on the Forest Green property were named as defendants. The trustees demurred stating that they were neither necessary nor proper parties. The demurrer was sustained, and the plaintiffs filed an amended bill against the individual defend-

ants and Baltimore County and various officers and administrative agencies of the county alleging substantially the same facts and seeking the same or similar relief set forth and prayed for in the original bill. As reasons for granting the injunction, the plaintiffs set forth the special damages they would suffer as contiguous and nearby property owners in the Summit Park development, and further alleged (i) that the subdivision plat for Forest Green violated the zoning and subdivision regulations of Baltimore County, (ii) that some of the zoning regulations upon which the subdivision depended were unconstitutional, and (iii) that the approved plat was illegally and wrongfully filed so that all building permits based thereon were illegal and void.

All of the defendants demurred to the amended bill and assigned as reasons therefor, among others, that the exclusive remedy of the plaintiffs is an appeal from the action of the Planning Board, that the equity court lacked power to assume jurisdiction, and that the plaintiffs may not maintain a bill in equity while an appeal from an administrative agency is pending on the law side of the court concerning the same subject matter. The plaintiffs contend that the appeal from the Planning Board is not properly open to them for all the purposes they require, and that even if it were available, a court of equity has concurrent jurisdiction over the cause.

The chancellor sustained the demurrers without leave to amend because he found there was "a complete and adequate remedy at law." He based his conclusion on the fact that a statutory method of appeal having been provided, "the statutory remedy must be followed."

As stated, the gist of the court's decision was that the plaintiffs had failed to pursue their adequate remedy at law, or in modern terminology, had failed to exhaust their administrative remedy. We do not believe that we reach that question in this case.

The Baltimore County Code, Title 25 (Planning and Sub-Division Control) sets forth the powers of the Planning Board. Its duties appear to fall into three principal categories: (i) the preparation of a master plan; (ii) the preparation of regulations governing the subdivision of land; and

(iii) the approval or disapproval of all subdivision plats. Section 374 of Title 25 states that the scope of the master plan may cover proposals for such things as uses of land and buildings, public utility services, the location of streets and the use thereof, housing projects, conservation matters, public and semi-public facilities, distribution and density of population, and all other elements of county growth and development. Section 365(f) of Title 25 defines the word "subdivision" as a "division of a * * * tract or parcel of land into two or more lots * * * for the purpose * * * of sale * * * or development," and Section 382 provides that the Planning Board shall prepare regulations governing the subdivision of land and that such regulations "may provide for the property arrangement of streets, * * * for adequate and convenient open spaces for traffic, recreation, utilities, access of fire fighting apparatus, light and air, and for the avoidance of congestion of population, including *minimum widths and areas of lots,* [and that] such minimums shall coincide with such provisions in the Zoning Regulations * * *." Section 381 of Title 25 requires the Planning Board to approve all subdivision plats, and in acting upon subdivisions, Section 386(a) of Title 25 requires adequate drainage, streets of sufficient width, suitable grades and proper location. Sections 381 and 386(a), both *supra,* require subdivision plats to fit into the master plan.

The powers and duties of the Zoning Commissioner are set forth in Title 30 (Public Works—* * *—Zoning) of the County Code. Section 532 of Title 30 sets forth in detail the powers of the Zoning Commissioner. Generally such powers include: (i) power to recommend zoning regulations; (ii) power to grant exceptions and variances; (iii) power to approve or disapprove building permits; (iv) power to reclassify the zoning status of a particular piece of property subject to approval of the County Council; and (v) power to enforce zoning regulations. Section 532(a) of Title 30 specifically empowers the Zoning Commissioner, *inter alia,* to regulate and restrict "the height, number of stories and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts, [and] the

setback or distance of any building or structures from front or side lot, * * *."

It is apparent that *if* the master plan, (the preparation and maintenance of which is a function of the Planning Board), and the zoning regulations, (the power to recommend and enforce which is a function of the Zoning Commissioner), are to achieve what they were intended to accomplish, the provisions of both must be closely coordinated one with the other at all times. This Court, speaking through Judge Henderson, in *Zinn v. Board of Zoning Appeals*, 207 Md. 355, 114 A. 2d 614 (1955), has already had occasion to remark that "[i]t is difficult to determine at what point the authority of the Planning * * * [Board] ends and the authority of the Zoning Commissioner begins. Final approval in any case rests with the County * * * [Council]." It is significant to note that since this suit was instituted the "offices" of planning and zoning have been combined. The County Council, in its Legislative Session of 1957, passed Bill No. 35, which repealed and reenacted, with amendments, Section 371 of Title 25. The bill provided that after receiving recommendations from the Planning Board and subsequent confirmation by the County Executive, the County Administrative Officer should appoint a Director of Planning and Zoning. The bill further provides, however, that: "Nothing in this section contained shall be construed as affecting the composition or the powers and functions of the Planning Board as provided in the Charter of Baltimore County and the Public Local Laws thereof."

The plaintiffs contend that the subdivision plat is in violation of the zoning regulations of Baltimore County adopted pursuant to the provisions of Section 532, *supra,* and Section 533 of Title 30, and that the plat in other respects is in violation of and deviates from the rules set forth in the subdivision regulations of the county. Specifically, they claim that the houses about to be constructed in the Forest Green subdivision will violate the setback and density requirements of the zoning regulations set forth in § 211.2 thereof, and that the subdivision plat approved by the Planning Board not only violated the zoning regulations in regard to setback

and density but also violated the Board's own subdivision regulations (Rule IIA.1, IIA.3 and IIC).

On the other hand, the individual defendants in their brief contend that Section 532(k) of Title 30 does not give the plaintiffs a right to enjoin them unless there is an *established* violation. Apparently it is their argument that an injunction can only be obtained where there is an alleged violation by a third party, and that, if the violation alleged is by the Planning Board, the remedy of appeal under Section 390, *supra,* is exclusive. We think it is unnecessary to give Section 532(k), *supra,* such a narrow construction. The demurrers, of course, challenge the legal sufficiency of the allegations in the bill, but, as we have said so often, the demurrers also admit the allegations to be factually true as to such matters as are well pleaded, that is, for the purposes of the demurrers, the demurrers admit the allegations (in paragraph five of the bill) to the effect that the approval of the subdivision plat violated the setback and density requirements of the zoning regulations, and the allegations (in paragraph seven of the bill) to the effect that the action of the Planning Board also violated the board's own subdivision regulations. While it is silent as to the subject, there is nothing in the provisions of Section 386(a), *supra,* which authorizes the Planning Board to ignore the zoning regulations. Moreover, Section 532(k), *supra,* applies to any construction "in violation of regulations and restrictions adopted pursuant to this sub-heading." The sub-heading referred to is entitled "Zoning." The clause last referred to certainly covers the zoning regulations referred to in paragraph five of the bill. Whether the clause covers the subdivision regulations adopted by the Planning Board poses a more difficult question. But, the zoning powers conferred on the County Council by Section 532(a), *supra, et seq.,* are very broad, and may include regulations adopted by the Planning Board under Sections 381 and 382, both *supra.* We think it is clear that in either case it is an exercise of the zoning power, and it would follow that a violation of either set of regulations would be subject to an injunction under Section 532(k), *supra,* in behalf of "any person whose property is affected by any violation, in-

cluding abutting and adjacent property owners, whether specially damaged or not," in addition to the enforcement provisions of Section 532(d) of Title 30.

The chancellor should not have sustained the demurrers. In the exercise of his sound discretion he should have granted the temporary injunction sought. Promptly, thereafter, upon the filing of answers, he should have heard the case on its merits and passed a decree declaring the rights, status and other legal relations of the parties to the bill with respect to the planning and zoning statutes, the zoning regulations and the subdivision regulations and restrictions referred to in the bill. In *Amereihn v. Kotras*, 194 Md. 591, 71 A. 2d 865 (1950), we decided that a court of equity had jurisdiction to hear and determine the suit of adjacent residential property owners to enjoin the construction and continued use of premises under an alleged right to a nonconforming use under Section 532(k), *supra*, despite the fact that the time for an appeal from the action of the Zoning Commissioner had expired under Section 532(g) of Title 30. Since we there held that the remedy provided by Section 532(k), *supra*, was concurrent with the remedy afforded by Section 532(g), *supra*, it is consistent to hold here that the remedy provided by Section 532(k), *supra*, is an alternative to the remedy afforded by Section 390, *supra*, at least where it is affirmatively alleged that the Planning Board has violated zoning regulations. Of course, the granting or refusal of a permanent injunction will depend upon a finding that in fact there has been a violation of the zoning regulations or the subdivision regulations and restrictions, or both.

The order sustaining the demurrers and dismissing the bill must be reversed.

> *Order reversed, and case remanded for further proceedings consistent with this opinion, the appellees to pay the costs.*