EMANUEL M. ULLMAN and LOUIS BACHMAN,
Plaintiffs,

*vs.*

PAUL SANTOW and STEPHANIA SANTOW,
Defendants.

*New Castle, May 4, 1960.*

*On Reargument, May 20, 1960.*

*Frank J. Miller,* Wilmington, for plaintiffs.

*Joseph Donald Craven,* Wilmington, for defendants.

MARVEL, Vice Chancellor: Plaintiffs, who are owners of homes in Mill Creek Hundred, live in the same zoning district in which the lot in controversy in this case is located. Prior to June 26, 1956, such lot, which is owned by defendants, was zoned R-2 (agricultural and general purpose). On the date indicated, the Levy Court of New Castle County acting "without jurisdiction", according to plaintiffs, purported to rezone such lot by changing its classification on the official county zoning map to C-2 (roadside business).

Plaintiffs, in their original complaint, which was filed on February 16, 1960, contended that such purported rezoning was invalid because the Levy Court had acted on such proposed change without giving at least fifteen days notice by publication of the time and place of the hearing on such proposal as required by § 2611(c) of *Title 9 Del.C.* Plaintiffs also charged in such complaint that such purported rezoning was not properly accomplished because neither the Zoning Commission nor the Levy Court had before them proper descriptions of defendants' lot at the respective hearings held by such boards on April 25, 1956 and June 1, 1956. The complaint concludes with prayers that this Court declare the June 26, 1956 resolution of the Levy Court of New Castle County to be null and void and that defendants and their successors be enjoined from using the lot in controversy for any purpose which violates the provisions of the Zoning Code of New Castle County until such time as such lot is validly rezoned for uses other than those permitted in an R-2 classification. In their amended complaint plaintiffs make the additional contention that notice of the hearing on defendants' application before the Zoning Commission was not given at least seven days before the date of the hearing as required by § 2611(c) of *9 Del.C.,* and in their motion for a preliminary injunction charge that defendants' proposed buildings, if permitted to be erected, would depreciate the residential values of plaintiffs' lands and detract from the beauty of the neighborhood.

On March 4, 1960, defendants, through their original counsel of record, answered, denying that the structures proposed to be erected

by them on such lot violated any provisions of the Zoning Code of New Castle County and affirmatively alleging that the lot in question is properly and lawfully zoned C-2. Defendants' present counsel has in addition moved to dissolve the restraining order entered herein on April 12, 1960 on the further grounds that plaintiffs have an adequate remedy at law, that the Zoning Commission and Levy Court of New Castle County are indispensable parties to this litigation, and that plaintiffs' action is in any event barred by laches.

According to the undisputed facts of record, the Building Inspector of New Castle County on March 29, 1960 issued a permit to defendants which purportedly gave them the right to build four stores [1] on the lot here involved. Shortly thereafter defendants proceeded to stake out and commence construction of such buildings, having since March 29, 1960 entered into agreements with various contractors for the construction of the proposed four buildings at a cost of $18,630.40 and having incurred further obligations in connection with the erection of said buildings in the amount of $9,905.00.

§ 2619(d) of *Title 9 Del.C.* provides that in case any building is or is proposed to be erected, or land is or is proposed to be used in violation of the Zoning Code of New Castle County or of any regulation or change thereof adopted by the Levy Court under authority of the Zoning Code * * * "* * * the Levy Court, the attorney thereof or any owner of real estate within the district in which such building, structure or land is situated, may, in addition to other remedies provided by law, institute injunction, mandamus, abatement or any other appropriate action or actions, proceeding or proceedings to prevent, enjoin, abate or remove such unlawful erection, construction, reconstruction, alteration, maintenance or use * * *", and the granting of injunctive relief has been recognized by this Court as a method of preventing "spot zoning", *Reinbacher v. Conly*, 37 *Del.Ch.* 288, 141 *A.2d* 453, a case in which the rezoning action of the Levy Court was held not to have been arbitrary or capricious. Further-

---

1. Defendants' April 6, 1956 application for rezoning addressed to the Levy Court, disclosed a stated intention of building a gift shop with apartment above, the proposed shop being described as a "* * * fine, high grade, Artware and Giftware House * * *"

more, an injunction has also been recognized as a proper means of correcting zoning violations in general, *Lynn v. Goldman,* 216 *Md.* 562, 141 *A.2d* 172.

§ 2611 (b) of the same chapter, a section pertaining to changes in zoning regulations, provides as follows:

"With respect to any proposed changes, the Zoning Commission shall hold at least one public hearing, notice of which hearing shall be published at least 7 days before the date of the hearing in a newspaper of general circulation in the county."

According to the uncontradicted affidavit of the librarian having custody of microfilm copies of newspapers published by the News Journal Company in the spring of 1956, the first publication of the notice of the Zoning Commission of a hearing on the proposed rezoning of the lot here in controversy appeared in the final edition of the Journal Every Evening on April 18, 1956. It further appears, according to the affidavit of the chief deputy clerk of the Levy Court of New Castle County, that a hearing on defendant's rezoning application was held in room 101 of the Public Building, Wilmington, Delaware, at 2:00 P. M., April 25, 1956. It is thus apparent that at least seven twenty-four-hour days did not intervene between the first publication of such proposed hearing and the actual hearing, and there would seem to be no doubt but that the phrase "at least", when used in connection with the calculating of time requirements in Delaware statutes, means full days and that neither the date of publication of notice nor the date of the hearing itself should be counted in computing such lapse of time under a statute phrased as is the one here involved, *MacCrone v. American Capital Corporation, D.C.Del.,* 51 *F.Supp.* 462,[2] and cases therein cited.

Finally, it is clear that the law of Delaware pertaining to zoning requires not only public hearings as to the amending or repeal of zoning ordinances but that notice of such hearings be given as pro-

2. See also *Robinson v. Collins,* 1 *Harr.* 498 and *Warrington v. Tull,* 5 *Harr.* 107. Compare *Simkin v. Cole,* 2 *W.W.Harr.* 271, 272, 122 *A.* 191, for significance of phrase " * * * at least — days before * * *" the date set for the doing of an act.

vided by law, *Boozer v. Johnson*, 33 *Del.Ch.* 554, 98 *A.2d* 76. See also *Kelly v. City of Philadelphia*, 382 *Pa.* 459, 115 *A.2d* 238. To permit a cutting down of the required statutory time here because the statute was substantially complied with and because three publications instead of one were actually made, would be, in my opinion, an unwarranted judicial amendment of an unambiguous statutory requirement.

It necessarily follows that because the initial published notice of the Zoning Commission hearing did not meet the requirements of the statute, the change ultimately approved by the Levy Court was improperly accomplished and that unless plaintiffs are estopped, barred by laches, or their suit emasculated because of the absence of indispensable parties, they are, in my opinion entitled under the statute to preliminary injunctive relief.

There is no showing that plaintiffs attended the hearings [3] under attack, thereby possibly foreclosing themselves from objecting to the adequacy of the published notice, and it further appears that defendants took no affirmative action in reliance on an improperly adopted zoning regulation until actual steps were taken to put into effect their recent plans to build the stores to which plaintiffs object. In short, defendants cannot, at least on the present record, successfully contend that plaintiffs slept on their rights while defendants changed their position on the strength of an apparently valid but improperly adopted zoning change. Compare *Tusso v. Smith*, 38 *Del.Ch.* 587, 156 *A.2d* 783.

As to defendants' contention that the Levy Court of New Castle County and the Zoning Commission are indispensable parties defendant [4] to this action, I conclude preliminarily that while such

3. Plaintiffs' contentions as to the lack of proper notice of the Levy Court hearing would also appear to be well taken as a formal matter although the language of the relevant statute (§ 2611(*c*), *Title* 9 *Del.C.*), referring to a public hearing "* * * at least 15 days' notice of the time and place of which shall be given * * *", is not as clearly within the rule stated in the *MacCrone* case as the language of § 2611(*b*).

4. A motion by plaintiffs to add such entities as parties was taken under advisement. On notice, an order will be entered under *Rule* 21 adding them as defendants.

bodies politic have an obvious interest in the matters here in litigation, their present absence as parties does not bar plaintiffs from seeking preliminary redress under the statute because they have established to my satisfaction that the Zoning Commission notice here given did not meet the requirements fixed by the Legislature.

I conclude that plaintiffs, having established that there is a reasonable probability of ultimate success on their part, particularly because of the failure to give at least seven days notice by publication of the Zoning Commission hearing on defendants' rezoning application, and that accordingly any sensible balancing of the equities requires the continuation of an order restraining defendants' building activities at the present juncture, I decline to dissolve the restraining order entered herein on April 12, 1960. Because of the exigencies of time I will not consider plaintiffs' further contention as to the inadequacy of the official description of the lands here involved at the time they were considered for rezoning.

On notice, I will enter a preliminary injunction in conformity with the language of the restraining order heretofore granted.

### On Reargument.

I granted reargument in this case because of concern over expenditures made by defendants in reliance on the 1956 rezoning of their property prior to the issuance of a building permit, feeling that any substantial change of position by defendants at any time in reliance on the 1956 rezoning of their lands might make it inequitable to continue the present restraint against their continued building of shops in an area which I have found to have been invalidly rezoned.

I conclude that assuming but not deciding that the precise time of zoning violation in this case and consequent arising of an actual controversy date from the time of such earlier action (but compare *Pratt v. Pratt*, 96 *U.S.* 704, 24 *L.Ed.* 805; *Blatt v. Schmidt*, 48 *Pa. Dist.&Co.R.* 43, and opinion of May 4 herein), the visible evidences of such pre-permit expenditures would not of themselves have put plaintiffs on notice of a proposed C-2 construction. In fact, until a permit was issued, plaintiffs could merely rely on hearsay as to what

defendants proposed to build, such visible evidence not being inconsistent with R-2 construction. Accordingly, I do not think that defendants' proof of moneys paid out by them for planning, construction and the like prior to their taking out of an official building permit has demonstrated such a change of position within plaintiffs' knowledge or means of knowledge as to bar them from injunctive relief on the grounds of laches.

Furthermore, I do not think that defendants' construction of an expensive house on their lot in 1958 allegedly as a preliminary to shop construction on the same lot is such a direct reliance on the 1956 zoning change here in issue as to in itself bar plaintiffs' claim that the rezoning under attack was invalidly adopted.

I conclude that an order in conformity with the May 4 opinion herein should be entered.

