SHELLBURNE, INC., a corporation of the State of Delaware,
Plaintiff Below,
Appellant,

*vs.*

C. DOUGLAS BUCK, JR., ET AL., Defendants Below,
Appellees.

*Supreme Court, On Appeal, April 2, 1968.*

*Donald W. Booker,* of Booker, Leshem, Green & Shaffer, Wilmington, for appellant.

*Harvey B. Rubenstein* and *Clarence Taylor,* Wilmington, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice: This is an appeal by Shellburne, Inc. from the dismissal of a complaint by the Vice Chancellor. The relief sought is an injunction against the County Council of New Castle

County entertaining any ordinance to rezone the plaintiff's land from the classification of C-1 to R-1-C, and compelling the issuance of a building permit for commercial construction under the County Building Code. The action was dismissed on the ground that it was premature.

This controversy has a relatively long and active history. On December 22, 1965 a building permit was issued to Shellburne for the construction of a commercial building on its land adjoining three residential developments. At the time, there was rather widespread opposition by the residents to the proposed construction of a large shopping center.

On January 11, 1966 the Levy Court of New Castle County, the then governing body of the County, requested the Zoning Commission to make its recommendation upon the rezoning of Shellburne's land from C-1 to R-1-C.* At about the same time, one of the members of the Levy Court unilaterally instructed the Building Inspector to recall the building permit.

Shellburne thereupon filed suit in Chancery to enjoin the proposed rezoning. A preliminary injunction issued on February 23, 1966, and certain questions of law were certified to this Court. We answered the questions (*Shellburne, Inc. v. Roberts, Del.,* 224 *A.2d* 250) to the effect that the Levy Court had the authority to, initiate zoning changes; that owners had no vested right in an existing zoning classification, and that the mere issuance of a building permit did not create a vested right in an existing zoning classification.

On January 3, 1967 the new county government of New Castle County took office, pursuant to 55 *Laws,* Ch. 85, and the former Levy Court went out of existence. The County thereupon moved to dismiss Shellburne's action against the Levy Court. The action was dismissed on March 1, 1967 and this Court, on December 14, 1967, affirmed the dismissal as to the Levy Court but remanded for further proceedings as to the status of the building permit, and as to personal liability of the former Levy Court Commissioner who had ordered the permit recalled. *Shellburne, Inc. v. Roberts, Del.,* 238 *A.2d* 331.

---

* Commercial building is prohibited in an R-1-C Zone.

Meanwhile, the County Council, on January 25, 1967, passed Ordinance 67-3 preventing the issuance of a building permit for land with respect to which a rezoning ordinance had been introduced. On January 30, 1967 Ordinance 67-5, to rezone Shellburne's land from C-1 to R-1-C, was introduced and referred under the law to the Planning Board which, on April 17, 1967, recommended that the Shellburne land be rezoned to R-1-C.

On June 21, 1967 Shellburne filed suit in Chancery against the County Council seeking to enjoin the County Council from rezoning its land. A temporary restraining order was issued, and the County Council moved to dismiss the action for failure to state a claim. On December 7, 1967 the restraining order was dissolved and the action dismissed. Shellburne appealed.

Following the decision of this Court of December 14, 1967, Shellburne immediately commenced work on its land, apparently under the authority of the building permit of December 22, 1965. The County applied to this Court for a special mandate enjoining the construction, which was refused on the ground of lack of jurisdiction. The Vice Chancellor, however, stayed further construction by Shellburne and stayed the rezoning process until decision by this Court in the appeal taken by Shellburne from his order of dismissal of December 7, 1967.

Shellburne's basic argument before us is that the County Council has no valid authority to rezone land. The argument is that this is so because the enabling legislation (9 *Del.C.* §§ 1152, 1153, 1157 and 1341) under which the County Council is purporting to act is unconstitutional. It is argued that the rezoning procedure proposed to be followed by the County Council is purely legislative in character, and thus differs sharply from the procedure followed by the former Levy Court which was largely adversary in nature. From this difference, we assume, the argument of unconstitutionality springs.

The Vice Chancellor dismissed the present action on the ground that it was premature since the County Council had not adopted Ordinance 67-5 to rezone Shellburne's land, and since Shellburne had not been denied a building permit pursuant to Ordinance 67-3. As a matter of fact, it has not applied for one.

■■■ The powers which the County Council proposes to exercise are legislative in character, as indeed all zoning is. The general rule is that a Court of Equity, with some possible exceptions not material here, will not interfere with or restrain proposed, but as yet uncommitted, discretionary acts of a legislative body. To do so would exceed the bounds which separate judicial from legislative authority. *New Orleans Water Works Co. v. City of New Orleans,* 164 *U.S.* 471, 17 *S.Ct.* 161, 41 *L.Ed.* 518.

Shellburne argues that the passage of the ordinance would be an unconstitutional act by the County Council which would cause it irreparable harm. Nevertheless, the fact is that the proposed ordinance has not yet been adopted, and indeed it is possible that it may never be adopted. Furthermore, while Shellburne says irreparable harm will result to it by the mere passage, that is nothing more than an unsupported statement.

■■ In any event, this is not a rare and exceptional case which would justify court interference in advance with the exercise of the power of legislation. The proper and normal method of attacking an invalid exercise of legislative power is to await passage and then seek the enjoining of its enforcement. *Broening v. Haley,* 156 *Md.* 605, 144 *A.* 836; *Annotation,* 140 *A.L.R.* 439.

We adhere to this view and agree with the Vice Chancellor that the action was prematurely started.

Shellburne also argued below that the County Council, by reason of malapportionment of districts, is an unconstitutional body, but that argument has not been raised before us.

The judgment below is affirmed.