Hezekiah R. HOLMES and Forbes Steel and Wire Corporation, Plaintiff Below, Appellant,

v.

James M. ROSBROW, Secretary, Department of Labor, and Frank P. Vavala, Director, Division of Unemployment Insurance, Defendants Below, Appellees.

Supreme Court of Delaware.

Sept. 19, 1972.

**52** 

Elwyn Evans, Jr., of Community Legal Aid Society, Wilmington, for appellant.

Jay H. Conner, Wilmington, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from the denial of a petition for a writ of mandamus filed in the Superior Court. The writ seeks to compel the Department of Labor at its expense to supply the appellant with a transcript of the testimony presented to the appeals referee prior to the hearing before the Unemployment Insurance Appeal Board.

19 Del.C. § 3315 provides that claims for unemployment compensation shall be filed in accordance with the regulations of the Department of Labor. The initial claim shall be heard before a claims deputy under § 3318(a) and, if review is sought of his decision, § 3318(c) provides that review of the claims deputy's decision shall be heard before an appeal tribunal. § 3319 provides that the Department shall appoint an appeal tribunal which may consist of one man, to be known as a referee. And from his decision an appeal may be taken under § 3320 to the Unemployment Insurance Appeal Board which may affirm, modify, or set aside any decision of the referee.

§ 3321 provides that appeals to be heard by the Unemployment Insurance Appeal Board shall be in accordance with regulations prescribed by that Board. And § 3321(b) requires that "a full and complete record shall be kept of all proceedings in connection with a disputed claim. All testimony at any hearing upon a disputed claim shall be recorded, but need not be transcribed unless the disputed claim is further appealed."

The appellant argues that the provision in § 3321(b) that no hearing shall be transcribed "unless the disputed claim is further appealed" applies not only to appeals from the decision of the Unemployment Insurance Appeal Board to the Superior Court provided for in § 3323(a), but also to all proceedings held before the claims deputy and the referee. We do not agree.

We note initially that all proceedings before the claims deputy and the referee are recorded. Furthermore, this recording is available to the claimant to enable him to listen to and make a transcript from the record if he so desires. This recording is also before the Unemployment Insurance Appeal Board at the time the matter is brought before it by way of appeal from the ruling of the referee. In addition, the Appeal Board is authorized to hear new and different testimony which may be presented before it at the hearing. It is only the decision of the Appeal Board which may be appealed to the Superior Court. In this event § 3321(b) requires that a transcription of the proceedings before the Appeal Board must be transcribed.

It is quite clear to us from a reading of the statute as a whole that it is only when an appeal is taken to the Superior Court from the decision of the Appeal Board that a transcript of the proceedings is required. This is obviously required in order to facilitate review of the matter on the record by the Superior Court. It does not follow, however, that the provision for a transcription of the proceedings is required in the administrative appeal system within the Department of Labor, itself. As a matter of fact, § 3322 of the Act requires the exhaustion of the administrative remedies within the Department, itself, before there may be any judicial review of the decision of the Appeal Board.

 Whether or not a transcription of the proceedings before the claims deputy and the referee shall be provided to the claimant, is discretionary with the Appeal Board. It is fundamental that a discretionary duty may not be made the subject of a writ of mandamus.

Furthermore, we point out that the taped record of the proceedings before the claims deputy and the referee is adequate for all purposes of review by the Appeal Board and for counsel representing both sides. This method of recording proceedings has become widespread throughout the country, particularly for example, in Alaska where all court proceedings are recorded on tapes.

We think, therefore, that not only is there no requirement in § 3321(b) that a claimant be furnished a transcript of proceedings in the preliminary stages of the administrative review of his claim prior to the presentation of his appeal to the Appeal Board, but that the only requirement is that once the Appeal Board has reached its decision and a further appeal is to be taken to the Superior Court a transcript of all of the proceedings be furnished to the claimant free of charge.

For the reasons above, the decision below is affirmed.