Henry R. FOLSOM, Jr., Individually and as President of the New Castle County Council, et al., Defendants Below, Appellants,

v.

Frank E. ACIERNO, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Oct. 2, 1973.

Joseph M. Bernstein and Richard J. Baker, Wilmington, for defendants below, appellants.

James M. Tunnell, Jr., David A. Drexler and James F. Waehler, of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff below, appellee.

HERRMANN, C. J., and CAREY and DUFFY, JJ., sitting.

PER CURIAM:

In this land-use case defendants appeal from an order by the Court of Chancery denying their motion for summary judgment. The substance of the ruling was based upon the premise that the Court has jurisdiction to review the refusal by New Castle County Council to approve plaintiff's planned use of his land. We affirm the Court of Chancery, for the reasons and purposes stated in the careful opinion and the order entered below. See 313 A.2d 904 (1973). Our affirmance is limited to the jurisdictional question determined by the Court and nothing stated herein is intended to enlarge the scope of judicial review of administrative or quasi-legislative proceedings. Compare our recent opinion in Green v. Wilmington Savings Fund Society, Del.Supr., 310 A.2d 638 (1973).

Mildred WARE, Appellant Below, Appellant,

v.

SPORTSMAN'S CAFE, INC., Appellee Below, Appellee.

Supreme Court of Delaware.

March 27, 1973.

Oliver V. Suddard, Wilmington, for appellant below, appellant.

William F. Taylor of Young, Conaway, Stargatt & Taylor, Wilmington, for appellee below, appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

PER CURIAM:

In this workmen's compensation case, the Industrial Accident Board reconciled conflicting evidence by awarding 30% disability of the neck when one medical witness opined 40%, the other 25%. The Board also reconciled conflicting medical evidence as to causation of an arm disability. Upon appeal by the employee, the Superior Court affirmed. The employee again appeals to this Court.

We agree with the decision below for the reasons stated therein. See 303 A.2d 675. The Superior Court correctly held that the "sufficient-substantial-supporting-evidence" rule, governing the scope of review in workmen's compensation cases, permits the reconciliation of conflicting evidence and any award within the range of the evidence. Compare Ware v. Baker Driveway, Inc., Del.Super., 295 A.2d 734, aff'd 303 A.2d 358 (Del.Supr.1973).

Affirmed.