**Andree NATHAN, Petitioner,**

**v.**

**Edward E. MARTIN, Commissioner of License and Inspection, Respondent,**

**and**

**Facciolo Construction Company, Intervenor.**

Superior Court of Delaware, New Castle.

March 22, 1974.

---

Daniel A. Durkin, of Murdoch, Longobardi, Schwartz & Walsh, Wilmington, and Paul P. Welsh, of Morris, Nichols, Arsht & Tunnell, Wilmington, for petitioner.

Michael P. Maguire, Wilmington, for respondent.

John E. Babiarz, Jr., and Samuel J. Frabizzio, of Biondi & Babiarz, Wilmington, for intervenor.

TAYLOR, Judge.

Petitioner seeks a writ of mandamus to compel respondent Edward Martin, Commissioner of License and Inspection of the City of Wilmington [Commissioner] to cancel building permits issued for the construction of an apartment building to be located at 25th and Broom Streets, Wilmington, Delaware, and to order the work stopped. The builder-owner, Facciolo Construction Company [Facciolo] has intervened.

Commencing in 1969, Facciolo had taken certain steps directed toward the ultimate construction of the apartment building. The land at that time was zoned R–5–B which permitted construction of apartment houses up to fifteen stories in height. Facciolo held conferences with the City building inspector's office. As a result of the conferences, Facciolo sought a modification of the parking requirements from the City Board of Adjustment and was granted the modification in June 1972. On June 15, 1972, Facciolo obtained a Demolition Permit and Foundation Permit from the Department of License and Inspection of Wilmington. Thereafter, effective September 8, 1972, the City adopted an ordinance changing the zoning classification for the area in which the building site was located to a new zoning category, R–2–A which prohibited buildings taller than three stories or forty feet in height. On December 14, 1972, the Department of License and Inspection of Wilmington issued a permit for the construction of the building after receiving an opinion from the City Solicitor's office that Facciolo had a vested right to a building permit by virtue of the Foundation Permit and the work which Facciolo had done prior to the adoption of the ordinance of September 8, 1972. This action was commenced March 14, 1973. After the filing of this action, petitioner pursued an appeal before the Board of License and Inspection Review[1] putting in issue the failure of the Department to cancel the June 15, 1972 permits and the issuance by the Department of the December 14, 1972 permit. The Board decided in favor of the Department on July 9, 1973.

Respondent and intervenor [collectively, defendant] challenge the availability of mandamus for the relief which petitioner seeks. Plaintiff seeks summary judgment. In view of the conclusion reached in this opinion, the posture of the case is such that it is ripe for final disposition. The

1. The Court has not been called upon to determine whether exhaustion of administrative remedy is a prerequisite to this action.

conclusion reached makes it unnecessary to consider certain issues raised by respondent including the question of whether the Commissioner or the Board is the proper respondent.

Mandamus is a remedy which has been limited strictly, both as to procedure and scope of relief. The remedy of mandamus will lie to coerce the performance by a public official of a clear duty.[2] 2 Woolley on Delaware Practice, 1124, § 1653. Conversely, mandamus will not lie to compel the performance of a duty which lies within the discretion of a public officer. Ibid., page 1126, § 1655; Holmes v. Rosbrow, Del.Supr., 297 A.2d 51 (1972). It has been utilized to compel the issuance of a building permit where uncertainty existed as to the correct ordinance which controlled the zoning classification of the land. Baynard Court, Inc. v. City of Wilmington, Del. Super., 273 A.2d 275 (1971) aff'd. 281 A.2d 493 (1971).

Petitioner contends that mandamus will lie to compel the Commissioner to revoke a permit which was issued in violation of the law. The cases cited in support of the use of mandamus to compel nullification of a prior action by a public official arise in states in which the same court exercises both law and equity jurisdictions. Courts which exercise both equitable and legal jurisdiction need not be so concerned about the requirements and limitations of specific remedies. However, our judicial system does not enjoy such luxury. Accordingly, historic remedies must be applied according to the principles which caused their creation and support their existence. Hence, the cases arising in courts which exercise combined law and equity jurisdiction and which do not appear to test the relief against the traditional standards applicable to this remedy are not entitled to significant weight.

Traditionally, mandamus has been granted to compel a public official to perform a ministerial duty. Here, the official has taken official action by granting a permit. What is sought here is an order to compel the public official to undo that which he has done. While it is true that plaintiff relies upon a provision in the Building Code which states that the Commissioner shall direct any work to be stopped which violates the law, the real purport of this mandamus action is to compel the official to revoke the permit which he has granted. No Delaware case has been cited where mandamus has been used to compel a public official to nullify a prior action. It is noted that in Lynch v. Tunnell, Del.Supr., 236 A.2d 369 (1967), the Delaware Supreme Court held that mandamus would not lie to bar the State Board of Health from asserting nonexistent authority.

While this Court has utilized mandamus for the issuance of a building permit where a dispute existed as to the proper zoning law, Baynard Court, Inc. v. City of Wilmington, supra, and it indicated in State v. Klingmeyer, Del.Super., 1 Storey 203, 141 A.2d 451 (1957), that mandamus might be ordered if no other relief were available where the impact of zoning upon property rights was involved, the more usual method for deciding zoning issues is by direct action by property owners in the Court of Chancery. Allen v. Donovan, Del.Supr., 239 A.2d 227 (1968); Acierno v. Folsom, Del.Ch., 313 A.2d 904 (1973, Marvel, V.C.), aff'd. Folsom v. Acierno, Del.Supr., 311 A.2d 512 (1973). This is particularly appropriate where the matter is a true adversary proceeding involving controverted facts and law, and where complex property rights are involved. Ibid.; Ullman v. Santow, 39 Del.Ch. 130, 160 A.2d 582 (1960), rev'd. on other grounds, 39 Del.Ch. 427, 166 A.2d 135 (1960); Bave v. S. & S.

---

2. This discussion of mandamus excludes consideration of the availability of mandamus as a remedy to deal with certain intracorporate relationships within private corporations. Cf. Insuranceshares Corporation of Delaware v. Kirchner, Del.Supr., 1 Terry 105, 5 A.2d 519

(1939); State v. Penn-Beaver Oil Co., Del. Supr., 4 W.W.Harr. 81, 143 A. 257 (1926); State ex rel. Armour & Co. v. Gulf Sulphur Corp., Del.Super., 233 A.2d 457 (1967), aff'd 231 A.2d 470.

Builders, Inc., 36 Del.Ch. 543, 134 A.2d 709 (1957); Reinbacher v. Conly, Del.Ch., 141 A.2d 453 (1958). Validity of a zoning action may be tested by action in Chancery. Cf. Dukes v. Shell Oil Company, 40 Del. Ch. 174, 177 A.2d 785 (1962), aff'd. 183 A.2d 572 (1962); Shellburne, Inc. v. Roberts, Del.Supr., 224 A.2d 250 (1966); Shellburne, Inc. v. Conner, Del.Ch., 269 A. 2d 409 (1970), app. dism. 281 A.2d 608; Shellburne, Inc. v. Buck, Del.Supr., 240 A. 2d 757 (1968). It should be noted that in the last cited case, in a different context where a zoning ordinance was under attack as violative of vested property rights, the Delaware Supreme Court stated "The proper and normal method of attacking an invalid exercise of legislative power is to await passage and then seek the enjoining of its enforcement." The Supreme Court and this Court have expressed serious doubts concerning the propriety of mandamus as the remedy to dispose of zoning related controversies which involve primarily rights of private parties. Ingersoll v. Rollins Broadcasting of Delaware, Inc., Del. Supr., 272 A.2d 336 (1970).

■ The two courts should not be placed in the position of competing for litigation. Nor should the plaintiff be afforded a choice of forum. Jurisdiction should be exercised where it can effectively provide ultimate relief. The real issue here is not the granting or denial of the permit. The dispute is not really between the land owner and the Commissioner. The real issue is whether the landowner has a right to use this land for the apartment building and the real parties to the dispute are the owner of the land in question and the owners of other land nearby. The relief sought here, if granted, would not, of course, provide ultimate relief against the owner-builder. If the owner-builder fails to heed the revocation, other proceedings must be commenced, either in a Court of Law or in the Court of Chancery. Presumably the action at law would be a criminal action. An action in the Court of

Chancery could be for injunctive relief involving the property owner. Thus, a single action in Chancery could adjudicate the rights of the parties and grant ultimate relief. At law, some other proceeding in addition to mandamus would be required.

Mandamus will not lie to compel the performance of a judicial function. State ex rel. Walker v. Harrington, Del.Supr., 3 Terry 14, 27 A.2d 67 (1942). The remedy is available only where the right of the petitioner is clear. Webb v. Diamond State Telephone Company, Del.Ch., 237 A.2d 143 (1967). The duty must not only be clear, but it must be ministerial and not require that the official or body make a factual adjudication. State v. Wolcott, Del.Supr., 83 A.2d 762 (1951); McCoy v. State ex rel. Allee, Del.Ct.Err. & App., 2 Harr. 543, 36 A. 81 (1897).

Here, it is undisputed that the literal application of the present zoning ordinance, without considering the owner's contention that he has countervailing vested rights, prevents the proposed building from being built or used as an apartment building. But that would not dispose of the issues. There remains the issue of whether the owner, by actions taken prior to adoption of the present zoning ordinance, has established a right to construct and use the building as he could have used it prior to the zoning change. The determination of this issue involves the determination of facts not existing within the administration of the Commissioner and the interpretation and application of principles of law not found in the statutes and ordinances controlling the Commissioner.

Mandamus is a remedy whose issuance rests in the sound discretion of this Court. McCoy v. State ex rel. Allee, supra; Holmes v. Rosbrow, supra. This Court has held that the mere fact that a vested right may entitle a land owner to some form of relief does not necessarily entitle him to relief by way of mandamus. State v. Klingmeyer, Del.Super., 1 Storey 203, 141 A.2d 451 (1957).

Mandamus is not the appropriate remedy unless it will settle the entire controversy. 52 Am.Jur.2d 362, Mandamus § 37; Lakeland Joint School District Authority v. School District, 414 Pa. 451, 200 A.2d 748 (1964). Relief in mandamus proceeding such as this is against the public official for enforcement of the order. Clearly, that limited relief could not provide the ultimate disposition required in this instance.

After considering all of the requisites which warrant issuance of an order of mandamus in the light of the facts of this case and the objectives of the parties, the Court concludes that the issuance of an order of mandamus is not appropriate or warranted in this case. In reaching this conclusion, the Court makes no determination of the respective rights of the parties with respect to the permissible use of the land.

Defendant shall submit an appropriate Order on notice to petitioner.

