IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

Tammy J. Matthews,                    :
       Appellant,                         :          C.A. No: S15A-01-003 (RFS)
                                           :
    v.                                     :
                                           :
Don-Lee Margin Corp.,                  :
       Appellee,                          :
                                           :
    and                                    :
                                           :
Unemployment Insurance Appeals        :
Board                                  :
       Appellee.                          :

## _MEMORANDUM OPINION_

Upon Appellants' Appeal from the Unemployment Insurance Appeals Board **Affirmed.**

Date Submitted: June 29, 2015

Date Decided: August 5, 2015

Tammy J. Mathews, 26035 Kelly Circle, Seaford, DE, 19973, Appellant

Paige J. Schmittinger, Esq., Victoria W. Counihan, Esq., Department of Justice, 820 North French Street, 6th Floor, Wilmington, DE 19801, Attorney for Appellee

STOKES, J.

Appellant Tammy J. Matthews ("Appellant") appeals the decision of the Unemployment Insurance Appeal Board (the "Board") which dismissed Appellant's appeal against Don-Lee Margin ("Employer") citing Appellant's failure to appear to prosecute her appeal. For the reasons explained below, this matter is **AFFIRMED**.

## Factual and Procedural History

The record reflects Appellant worked as a janitorial cleaner for Employer from October 10, 2012, until September 2013. Following an incident at work where a box fell on her shoulder, Appellant was placed on light duty and began working on an as-needed basis. Appellant was to call Employer each day to see if Employer had work for her. Appellant discussed being notified the day before rather than the day of working if she was to come in with her boss, Jack Chambers ("Chambers"). No agreement was made, however, between Chambers and Appellant that she did not have to call in to see if she was needed.

Appellant stopped calling in or reporting to work and Chambers did not attempt to contact Appellant after she stopped calling in. Appellant was discharged in December 2013 for failure to call in or report to work.

Appellant filed a claim for unemployment benefits with the Department of Labor. On July 23, 2014, a Claims Deputy found that Appellant was terminated without just cause under 19 Del. C. §3314(2) and was thus eligible for such benefits. Employer filed

a timely appeal on July 29, 2014 and a hearing was held on August 12, 2014. The Appeals Referee heard the testimony of Chambers, acting as Employer's representative, and Appellant. In a decision dated October 22, 2014, the Appeals Referee reversed the decision of the Claims Deputy.

Appellant filed a timely appeal of the Appeals Referee's decision to the UIAB. A hearing was scheduled for December 30, 2014. Notice of the hearing was mailed to Appellant at her last address of record with the Department of Labor. The notice stated that failure to appear for the hearing could result in dismissal of the appeal and advised Appellant to arrive at least 15 minutes prior to the start of the hearing.

Appellant's appeal hearing was scheduled to begin at 1:20 pm, but by 1:32 PM Appellant was still not present. Appellant failed to appear for the December 30, 2014 hearing. The Unemployment Insurance Appeals Board ("UIAB") dismissed Appellant's appeal for failure to appear and prosecute her appeal. Appellant stated she attempted to attend the hearing, but received wrong directions to its location and was late.

On December 31, 2014, UIAB's dismissal of the appeal was mailed to Appellant. The Board's decision became final on January 10, 2015. On January 12, 2015, Appellant filed a timely appeal to the Superior Court.

**Standard of Review**

When this Court reviews a procedural decision of the Board, the Court must consider whether the Board abused its discretion in rendering its decision.[1] A procedural decision by an administrative agency is not an abuse of discretion "unless it is based on clearly unreasonable or capricious grounds" or the Board decision exceeds the bounds of reason in view of the circumstances and ignored recognized rules of law or practice so as to produce injustice."[2] Absent an abuse of discretion, the Court must affirm the Board's judgment if it did not otherwise commit an error of law.[3]

**Discussion**

**1. This Court Lack Jurisdiction to Consider the Merits of This Appeal Because Appellant Failed to Exhaust Administrative Remedies**

This Court does not have jurisdiction to hear this appeal on its merits. The Superior Court will review a decision by the Board only after the appellant has exhausted all administrative remedies.[4] Without such exhaustion, this Court lacks jurisdiction.[5]

---

[1] *Wilson v. Franciscan Care Center*, 2006 WL 1134779, at *1 (Del. Super. Feb. 15, 2006) (citing *Funk v. UIAB*, 591 A.2d 222, 225 (Del. 1991)).
[2] *K-Mart, Inc. v. Bowles*, 1995 WL 269872, at *2 (Del. Super. Jan. 26, 1995).
[3] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del.1991).
[4] 19 Del. C. § 3322(a).
[5] *Griffin v. Daimler Chrysler*, 2000 WL 33309877, at *1 (Del. Super. April 27, 2001).

Where an appellant fails to appear before the UIAB, that appellant has failed to exhaust all administrative remedies.[6]

Appellant failed to appear at the Board hearing to prosecute her appeal. Pursuant to Board Regulation 4.2, the Board may dismiss an appeal if a party is not present within ten minutes of the time indicated for the appeal hearing.[7] Appellant was notified of this policy and advised to arrive at least 15 minutes prior to the start of the hearing.[8] The record shows Appellant's hearing was scheduled to begin at 1:20 pm, but by 1:32 pm Appellant was still not present.[9]

As Appellant did not appear, the Board was unable to address the merits of Appellant's case and dismissed the appeal.[10] Accordingly, Appellant did not exhaust all administrative remedies prior to this appeal and this Court cannot rule on the merits of her case.[11]

---

[6] *Holmes v. Rosbrow*, 297 A.2d 51, 53 (Del. 1972).
[7] 2 UIAB Rules and Regulations 4.2 (2003).
[8] Notice of Hearing Before the UIAB.
[9] *Matthews v, Don-Lee Margin Corp.*, UIAB Appeal Docket No. 7095561 Hr'g Tr. at 2 (December 30, 2014).
[10] *Id*.
[11] *Tesla Industries, Inc,* 2007 WL 2028460, at *2.

## 2. Alleged Confusion about the Time and Place of an Appeal Is Not Legally Relevant

In the Notice of Hearing, Appellant was notified the hearing would take place at 1:20 PM at 114 South Dupont Highway, Suite 103, Dover, DE, 19901. On the last page of the opening brief, Appellant states: ". . . I'm bad with directions and was 10 mins. late, at that time hearing had been dismissed."[12] In Appellants Notice of Appeal she referenced the Board's decision on December 30, 2014. Appellant also claimed that she went " . . . to the appeal in Dover on 12/12/14. I call the unemployment and got wrong directions . . ."[13]

The Notice of Appeal was mailed on December 12, 2014 and clearly states the time and the place.[14] Further, it advised her: "[p]lease arrive at least 15 minutes before the time of your hearing is scheduled to begin. Failure to appear for your hearing in a timely manner can result in your appeal being dismissed."[15] The Board waited until 1:32 PM before entertaining a motion to dismiss the appeal for failure to prosecute.[16]

Also, Appellant asserts a board member told her about her right to appeal to Superior Court. This allegation or any of the above-mentioned circumstances do not

---

[12] Op. Br. at 4.
[13] R. at 104.
[14] R. at 88.
[15] *Id.*
[16] *Id.*

arise to a situation where a party has been misled or where an appellate body prevented an appearance.[17]

The time and place of the hearing was crystal clear. As a matter of law, being "bad with directions" is not excusable neglect for a party to miss a scheduled session. The Board has a busy docket and needs to move cases expeditiously.[18] Given the waiting period, the appeal was not dismissed until twenty-seven minutes (fifteen minutes prior to the scheduled hearing plus twelve minutes thereafter) after Appellant should have been present.

Following the failure to timely appear at the UIAB hearing, Appellant could have requested a rehearing with the UIAB.[19] Following a denial of a motion for rehearing, this Court retains jurisdiction of administrative appeals to determine whether any abuse of discretion was committed by the Board regarding attempts by Appellant to seek a rehearing.[20] However, Appellant made no such attempt. The Board thus never exercised its discretion to grant or deny the request. Accordingly, this Court can find no abuse of the exercise thereof.

Furthermore, referencing a statement allegedly made by a board member regarding the opportunity to appeal to this Court is merely conclusory. It is without record support.

---

[17] R. at 86.
[18] *Tesla Industries, Inc,* 2007 WL 2028460, at *2.
[19] *Cornell v. Candle light Bridal,* C.A. No. S14A-09-001 T.H.G. at 5 (April 17, 2015) (Letter Op.) (quoting a written UIAB decision explaining its discretion to grant a motion for rehearing).
[20] *Wilson v. Servalli Restaurant*, 1999 WL 1611271, at *2 (Del. Super. April 30, 1999).

Also, what was allegedly stated by the board member is no more than what is stated in the printed language of the Board's decision.[21] It is a correct statement of the law.

Considering the foregoing, UIAB's decision dismissing Appellant's case is **AFFIRMED**.

**IT IS SO ORDERED**

Very truly yours,

*/s/ Richard F. Stokes*

_____

Richard F. Stokes, Judge

cc: Prothonotary

---

[21] R. at 107.